### J. C. BOHANNON ET AL. v. J. H. ROENSCH.

#### No. 1061.

**Appeal—Jurisdiction of Court of Civil Appeals—Judgment for $100.**
  Where a suit is brought on a note for $100, given for rent, and the judgment is for only $100, exclusive of interest and costs, an appeal will not lie to the Court of Civil Appeals, although a distress warrant, issued in the case, was levied and its lien foreclosed upon property exceeding $100 in value.

APPEAL from the County Court of Fayette. Tried below before Hon. W. S. ROBSON.

*Brown, Lane & Jackson,* for appellants.

*L. W. Moore* and *George Willrich,* for appellee.

ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—This cause was disposed of at a former day of this term by dismissing it for the want of jurisdiction of the appeal. The court was of the opinion that the amount in controversy did not exceed one hundred dollars. On motion for rehearing it is insisted that the court was in error in so holding.

The suit originated in a Justice Court of Fayette County, and was brought by the appellee for a balance of $100 upon a note given by the appellant Bohannon for the rent of land. A distress warrant was sued out and levied on five bales of cotton, three of which, valued by the sheriff at $70, were delivered to Sam F. Drake, upon his claimant's oath and bond, and two of them, valued by the sheriff at $50, were delivered to the appellees, Shelburne & McCollum, upon their claimant's oath and bond. Appellants have also attached an affidavit to their motion for a rehearing, that the reasonable market value of the cotton was $115.

The amount of the judgment below was for the sum only of $100, exclusive of interest and costs, and if this court has jurisdiction of the appeal, it must be based on the amount in controversy. In cases of foreclosure of mortgages and liens upon specific property, it has been held by the Supreme Court, from an early day, that the amount in controversy was not only the debt, but the security given for its payment, but this court has held that this principle does not apply to the landlord's lien, which is not a lien upon specific property. The cases are reviewed and the reasons for so holding are stated in the case referred to. Lawson v. Lynch, 29 S. W. Rep., 1128. See also Yeiser v. Taylor, 31 S. W. Rep., 84, decided by the Court of Civil Appeals for the Second District. If we were correct in so holding, and we see no reason to change our views, the amount of the debt sued for in this case furnished the test, and as it did not exceed $100, this court is without jurisdiction of the appeal.

It may be contended, however, that as the claimants of the cotton had been brought into the case, and personal judgment sought against them as for a conversion thereof, the value of the cotton itself was brought into controversy, and the case should be distinguished from Lawson v. Lynch. We do not see that it makes any difference, because no greater judgment could have been recovered against the claimants than the amount of the rents sued for; but Drake was not made a party until the case reached the County Court, and the suit as originally brought in the Justice Court only sought to recover for three bales of cotton converted, valued at $70. After the case reached the County Court, Drake was made a party, and the conversion of the two other bales, valued at $50, was alleged. As to the two bales, there was a new cause of action which should have been entertained by the court below. Again, the filing of the claimant's oath and bond by Drake, as well as by Shelburne & McCollum, rendered them improper parties to the suit. In no event

could the matter in controversy have exceeded $100, exclusive of interest and costs of suit.

The motion for rehearing is overruled.

Overruled.

Appeal dismissed.

Delivered April 9, 1896.