G. P. SMITH V. GILES & SHEPPARD.

(Case No.2066)

1. JURISDICTION—APPEAL FROM JUSTICE'S COURT—AMOUNT IN CONTROVERSY—The law does not confine the right of appeal from the judgment of a justice's court to cases in which the judgment is greater than $20.00, but gives it, as well, in cases in which the amount in controversy exceeds that sum (R. S., arts, 1165, 1638), and where, in a suit in a justice's court, the matter in controversy is not only the amount which the plaintiff claims to be owing him by the defendant, but also the right to establish and foreclose a lien on property to satisfy the same, an appeal may be taken and prosecuted, if the property is of greater value than $20.00, although the judgment may be for a less amount.

2. SAME—The jurisdiction of the several courts is determined, in reference to certain classes of cases, by the value of the matter in controversy; but, in some instances, the word "amount" is used instead of the word "matter." These words, however, in the connection in which they are used in the constitution, and in arts. 1165 and 1638, R. S., have the same meaning.

3. CASES CITED AND APPROVED—The cases of Brazoria county v. Calhoun (61 Tex. 223), and Marshall v. Taylor (7 Tex. 235), cited and approved.

APPEAL from Jefferson.   Tried below before the Hon. W. H. Ford. This suit was originally instituted in the justice's court, precinct No. 1, of Jefferson county, March 2, 1885, by George P. Smith, on an open account showing a balance of $14.00 due him, for labor performed in the building of a certain boat, against James Ingalls, Jr., as being individually liable therefor. Plaintiff also sought to foreclose his laborer's lien under article 3180, Revised Statutes, and for that purpose made the firm of Giles & Sheppard, composed of M. C. Giles and G. B. Wells, parties defendant

In the justice's court judgment was rendered in favor of the plaintiff, G. P. Smith, against James Ingalls, Jr., for the sum of $14.00, and, as against the firm of Giles & Sheppard, a judgment foreclosing his laborer's lien, and for all costs of suit, and ordering that the boat be sold, etc.

On April 27, 1885, the defendants, M. C. Giles and G. B. Wells,

alleging their firm name to be Giles & Sheppard, filed their petition for *certiorari* and supersedeas, setting out the above facts, and praying for removal of the cause from the justice's court to the district court of Jefferson county. On the same day, and in vacation, the district judge of the first judicial district, Hon. W. H. Ford, wrote his order on the back of the petition, commanding the clerk to issue the writ of *certiorari* and supersedeas, which was accordingly done. On May 11, 1885, the plaintiff filed a motion in the district court, to strike out the petition and writ of *certiorari* in the cause, and also to strike the cause from the docket of the district court, on the following ground:

"Because it appears from the petition for *certiorari*, that the whole amount sued for, and for which judgment was entered in the court below, is only $14.00 and is under $20.00, this court having no jurisdiction to entertain either an appeal or writ of *certiorari* in this case."

On May 19, 1885, the motion to dismiss came on to be heard, and was overruled by the court, to which ruling the plaintiff excepted, and, on the next day, the cause coming on to be heard, the court entered judgment in favor of plaintiff against James Ingalls, Jr., for the sum of $14.00 and all costs of suit, but further decreed that "M. C. Giles and G. B. Wells go hence without day, and recover of plaintiff their costs in that behalf," etc.

The property which the plaintiff sought to subject to the satisfaction of his debt, was shown on the trial to be worth $60.00.

The plaintiff assigned but one error as ground for reversal, which is as follows:

"The district court erred in overruling appellant's motion to dismiss this cause on the ground that the court had no jurisdiction to try the same, in this: that the petition for *certiorari* showed on its face that the amount involved in the suit, and for which judgment was rendered in the justice's court, was less than $20.00, to-wit., $14.00. Wherefore appellant asks that the judgment of the district court be reversed and the petition for *certiorari* be dismissed."

*Hal W. Greer*, for appellant, on the question of jurisdiction, cited: Const., art. 5, sec. 16; R. S., art. 1642; Carlisle *v.* Coffee & Price, 59 Tex. 391; G. H. & S. A. R'y Co. *v.* Ware, 4 Tex. Law Rev. 291.

That, where the district court entertains a suit of which it has no jurisdiction, this court will reverse and dismiss, he cited: Carlisle *v.* Coffee & Price, 59 Tex. 391; Gray *v.* Maddox, 5 Tex. 528.

*R. H. Leonard*, for appellees, that the matter in controversy is not only the debt claimed, but also the security for its payment, cited:

McAlpine v. Burnett, 19 Tex. 497; Johnson v. Murphy, 17 Tex. 216; Marshall v. Taylor, 7 Tex. 235.

STAYTON, ASSOCIATE JUSTICE.—There being no county court in Jefferson county, with civil jurisdiction, an appeal might be prosecuted from a justice's court to the district court, under the same rules and regulations as to a county court, had there been one with civil jurisdiction in the county. Const., art. 5, sec. 22; Gen. Laws 1879. It is contended that, as the judgment in this case was for only $14.00, an appeal would not lie from the justice's court.

This would be true if the sole matter in controversy was only that sum.  This question was considered in the case of Brazoria county v. Calhoun, 61 Tex. 223.

In that case it was held, that, although a judgment rendered in a justice's court was for a sum less than $20.00, an appeal could be taken and heard, if the matter in controversy exceeded in value $20.00. The reason for this ruling is given in that case, and conforms to the ruling made by the court of appeals, upon the same question.

The law now in force does not confine the right to appeal to cases in which the judgment of the justice's court exceeds $20.00, but gives it when such may be the judgment, or when "the amount in controversy shall exceed" that sum.  R. S., 1165, 1638.

The matter of controversy between the appellant and appellees was not the sum which the former claimed to be due to him by Ingalls, but the right to establish and foreclose a lien on the boat, which was claimed by appellees.  This was shown to be of value greater than $20.00.

In Marshall v. Taylor, 7 Tex. 235, it was held, that the matter in controversy was not only the debt, but also the security given for its payment.

The jurisdiction of the several courts is determined, in reference to some classes of cases, by the value of the "matter in controversy;" but in some instances the word "amount" is used instead of the word "matter." It is believed, however, that the words in the connections in which they are so used in the constitution and in Revised Statutes, arts. 1165, 1638, are used in the same sense.

Any other construction would lead to results evidently never contemplated.

As the value of the boat, on which the appellant sought to establish and foreclose a lien, was greater than $20.00, we are of the opinion that the district court had jurisdiction of the case, on appeal.

There is no assignment of error calling in question the correctness

of the ruling of the district court in refusing to establish and foreclose a lien on the boat, and the judgment will be affirmed.

AFFIRMED.

[Opinion delivered January 26, 1886.]