JAMES M. LAWSON v. JOHN D. LYNCH.

No. 795.

</div>

1.  Jurisdiction—Foreclosure of Lien—Cases Limited.—The rule established in the case of Marshall v. Taylor, 7 Texas, 255, and subsequent cases, that in a suit to foreclose a mortgage on personal property, "the matter in controversy is not only the debt, but the security given for its payment," is recognized, but is limited to cases in which the lien was created by contract or act of the parties upon specific chattels.

2.  Same—Landlord's Lien.—The lien of the landlord is by law given generally upon the crops of the tenant and upon the property furnished him by the landlord; but it is a charge upon no more of such property than is necessary to pay the debt, and if jurisdiction exists over the cause of action asserted, it can not be defeated by the accident that the sheriff, after the institution of the suit, levies upon property of greater value than the debt.

APPEAL from the County Court of Grimes.   Tried below before Hon. J. G. McDONALD, Jr.

*Preston & Spencer*, for appellant.—1.   The court erred in sustaining the defendant's plea to the jurisdiction of the court, in this:   the

amount of plaintiff's claim and demand is less than $200. The court
from which the appeal was taken had jurisdiction over the amount in-
volved in the suit, as well as the subject matter of the suit.

2. The court erred in sustaining the defendant's plea to the juris-
diction of the court, because the same was not filed and presented in
the Justice Court from which the appeal was taken, said plea setting
up new defenses not set up in the Justice Court. On appeal from the
Justice Court to the County or District Court, neither party can set up
new causes of action or new matter of defense.

This suit originated in a Justice Court, in which the defendant filed
no plea to the jurisdiction of the court, and the cause was there tried
on its merits. The defendant for the first time filed his plea to the
jurisdiction of the County Court on the 7th day of May, 1894, and
long after the cause of action became barred by limitation, if said plea
be good. Sherwood v. Douthit, 6 Texas, 224; Fulton v. Thomas, 1
Wills. C. C., sec. 224; Rush v. Lester, Id., sec. 442; Railway v. Milear,
Id., sec. 457; Bridges & Wooters v. Wilson, Id., sec. 625; Harrison v.
Railway, 4 Id., sec. 69; Matula v. Fitzgerald, Id., sec. 70.

*Neal & Bowen* and *Lock McDaniel*, for appellee.—1. In a suit for
the foreclosure of a lien on personal property, the value of the prop-
erty determines the jurisdiction. Cotulla v. Goggan, 77 Texas, 32;
Lane v. Howard, 22 Texas, 8; Marshall v. Taylor, 7 Texas, 235.

2. On appeal from the Justice Court to the County Court, a plea to the
jurisdiction may be interposed, although no such defense was made in
the Justice Court. Rev. Stats., art. 316; Railway v. Jones, 23 S. W.
Rep., 424; Milam v. Filgo, 3 Texas Civ. App., 343; White v. Johnson,
5 Texas Civ. App., 481.

3. The court did not err in sustaining defendant's plea to the juris-
diction, for the Justice Court being without jurisdiction over the sub-
ject matter of the suit, no jurisdiction was conferred on the County
Court by the appeal. Wise v. O'Malley, 60 Texas, 588; Timmins v.
Bonner, 58 Texas, 555; Baker v. Chisholm, 3 Texas, 157; Marx & Kemp-
ner v. Carlisle, 1 W. & W. C. C., sec. 92; Griffin v. Brown, Id., secs.
1098, 1099.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant sued appellee in the
court of a justice of the peace to recover money alleged to be due for
rents and advances, amounting to less that $200. The issuance of a
distress warrant to seize the crops raised was asked for by appellee.
The warrant was issued and levied upon corn and cotton, stated in the
original return of the sheriff to be worth less than $200. Subsequently
corn and cotton which had been levied upon in the field were gathered,
and the sheriff amended his return, stating the value of it to be greater
than $200. No question as to its jurisdiction was raised in the Justice
Court, but a trial was had, resulting in a judgment from which appel-
lant appealed to the County Court. In that court appellee presented

a plea, alleging that the value of the cotton seized under the distress warrant, and upon which it was sought to foreclose a lien, exceeded $200, and that the Justice Court, and consequently the County Court, on appeal, had no jurisdiction of the cause. Evidence was heard on this plea, and it was sustained and the cause dismissed. There is no statement of facts, and we must assume that the evidence sustained the allegations of the plea that the value of the property sought to be charged with the landlord's lien exceeded $200, and if that fact defeated the jurisdiction of the Justice Court, the judgment must be affirmed. It was not too late to raise the question of jurisdiction over the subject matter in the County Court. In the case of Marshall v. Taylor, 7 Texas, 235, it was held, that in a suit to recover a debt and to foreclose a mortgage on personal property by which it was secured, "the matter in controversy was not only the debt, but the security given for its payment. The litigation comprehended as well the subject matter of the mortgage as the debt." The same rule was recognized in Lane v. Howard, 22 Texas, 7, though the question was not the same, and in Hargrave v. Simpson, 25 Texas, 396, the two prior cases were followed, Judge Roberts remarking: "It is not proposed now to enter into an original investigation of the grounds of the previous decisions upon this subject, further than has been necessary to show that the reason upon which they are founded applies with equal force to the present case, and that in deciding this we but follow them." The rule in Marshall v. Taylor has been followed in all subsequent cases involving the same question, and it is too firmly established now to be disregarded. Cotulla v. Goggan, 77 Texas, 32; Smith v. Giles, 65 Texas, 341; Close v. Hanning, 4 Willson, 331. A suit to foreclose a lien on property does not, in our opinion, put in controversy the entire value of the property charged with the lien where it exceeds the debt sought to be recovered; but only seeks to charge it with the payment of the debt. The rule announced in these decisions is, it seems to us, based upon an incorrect assumption that the value of the property is the subject matter of the controversy. Treating the rule as settled, however, so far as these decisions go, we do not feel inclined to extend the principle to cover other cases than those to which it has already been declared to apply. In each of the cases mentioned, the lien was created by contract or act of the parties upon specific chattels. The lien of the landlord is by law given generally upon the crops of the tenant and upon property furnished him by the landlord, but is a charge upon no more of such property than is necessary to pay the debt. The distress warrant issues "to seize the property of the defendant, or so much thereof as will satisfy the demand." If the case is within the jurisdiction of the justice of the peace, the sheriff is to be directed to return the writ to that court; otherwise it is to be returned to the court having jurisdiction of the amount in controversy. Rev. Stats., art. 3118. Here the amount in controversy necessarily means the debt sued for, because the justice of the peace issuing the

writ could only be governed by the amount sued for in giving proper directions as to its return, as he could not determine in advance the value of the property which would be levied on. The plaintiff in suing out the writ is not required to state the value of the property subject to the lien. So that, while the landlord may charge any and all of the crops of the tenant with his lien, the judgment in his favor can reach and appropriate to its payment only so much as is necessary to satisfy the debt sued for and found to be due, and can therefore only affect the property to that extent. If the court has jurisdiction to adjudge the debt, it can see to its satisfaction out of the crops as well as it can provide for the enforcement of its judgments by attachment or execution. If jurisdiction exists over the cause of action asserted, it can not be defeated by the accident that the sheriff, after the institution of the suit, levies upon property of greater value than the debt.

This view is sustained by the decision of the Court of Appeals in Railway v. Allen & Humphreys, 1 White & Willson, 568. That was a suit in the County Court to recover a debt due for labor done for an amount less than $1000, and to foreclose the statutory mechanic's lien upon personal property worth more than $1000. On the question of jurisdiction, the court said: "The County Court is undoubtedly clothed with power to adjudicate liens on personal property. This jurisdiction, in cases like this one, is not controlled by the value of the property upon which the lien is sought to be foreclosed. The statute which creates the lien in question in this case also settles the jurisdiction of the courts as to that lien. While the lien is given upon the roadbed and equipments of the road, it is contemplated by the statute that it shall be enforced against so much of the property only as shall be sufficient to satisfy the judgment, thus limiting the lien to the amount of the judgment. Acts 1879, chap. 12, p. 8, sec. 2; App. Rev. Stats., p. 4. Marshall v. Taylor, 7 Texas, and Lane v. Howard, 22 Texas, are not considered as applicable to or decisive of the question in this case."

From examination of the statute referred to by Judge Willson, it will be seen that it has no provisions affecting the question of jurisdiction, save that providing that the lien is to be satisfied by sale of the property, or "so much thereof as may be necessary to satisfy the judgment." Substantially the same provision exists with reference to the landlord's lien.

This decision, in our opinion, states correctly the rule applicable to such cases. It follows, that the ruling of the court below was wrong.

*Reversed and remanded.*

Delivered February 28, 1895.