### S. J. ALLEN ET AL. V. H. M. GLOVER.

Decided December 4, 1901.

1.—Foreclosure—Amount—Jurisdiction.

The cases holding that in foreclosure suits the value of the property against which the lien is asserted, and not the amount of debt claimed, determines the jurisdiction of the court, do not apply in cases of liens given by statute.

2.—Same.

A suit on a debt for $84, and to foreclose a farm laborer's lien therefor on crops worth $250, was properly commenced in justice court.

3.—Farm Laborer's Lien—Description of Crops.

The statute providing for fixing and preserving a farm laborer's lien does not require him to describe in his account or affidavit the products raised on the farm by his labor.

Appeal from the County Court of Hamilton. Tried below before J. C. Roberts, Special Judge.

Allen and his sureties appeal from a judgment against them in county court, on their appeal from one recovered in justice court, at suit of Glover.

*Eidson & Eidson,* for appellants.

*Main & Chesley,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant S. J. Allen to recover $84 claimed on account for labor performed upon the farm of Allen, and to foreclose a laborer's lien on the crops raised on the farm. The suit originated in a justice of the peace court, but was appealed to the County Court, where it resulted in a judgment in favor of the plaintiff against Allen and the sureties on his appeal bond, and they have brought the case to this court for revision.

Allen filed in the Justice Court a plea alleging that the crops raised upon the farm, and upon which the plaintiff sought to foreclose his lien, were worth $250, and for that reason he asserted that the justice of the peace court was without jurisdiction to hear and determine the cause. The plaintiff excepted to this plea and the County Court sustained his exception and struck out the plea, and this ruling is assigned as error.

The plaintiff also amended his account and complaint, so as to assert a lien only upon so much of the crop as was necessary to satisfy his debt and the costs of the suit.

While it has been held in some cases in this State, seeking to foreclose liens, that the value of the property covered by the lien is to be looked to in determining the jurisdiction of the court, yet it has been held that the rule referred to does not apply when a lien is given by statute, and the only right given and asserted is to seize and sell so much of the prop-

erty as may be necessary to satisfy the debt.   Lawson v. Lynch, 29 S. W. Rep., 1128; Dozey v. Pennington, 31 S. W. Rep., 312; Erwin v. Bexar County, 63 S. W. Rep., 550.

In this case, if it be conceded that the plaintiff had a lien on the entire crop, still he only sought to enforce it against so much of the crop as was necessary to satisfy his debt; and we therefore hold that the subject matter of the litigation was not the entire crop, and the plea to the jurisdiction was correctly stricken out.

One other point is made, and that is that the court erred in holding that the plaintiff had a laborer's lien on the crops raised upon the defendant's farm, because the plaintiff had not complied with the statute in reference to fixing and preserving such liens; the contention being that he should have described in his account or affidavit the products raised on the farm in whole or in part by his labor.   The statute does not require this to be done, and if such construction should be placed upon it, it would be impossible, in many instances, to comply with it. In order to fix the lien, the statute requires the laborer to make out and file his account within thirty days after the maturity of the debt.   Now a laborer may labor upon a farm, and yet at the time he is required to file his account the crop may not have been produced, and under such circumstances, of course, he could not describe the products raised upon the farm and upon which the statute gives him a lien.

We decide against appellant on both points presented in the briefs; and, no error having been shown, the judgment will be affirmed.

*Affirmed.*