INGRAHAM v. RICH et al.

(Court of Civil Appeals of Texas. April 4, 1911.)

1. JUSTICES OF THE PEACE (§ 44*)—JURISDICTION—AMOUNT IN CONTROVERSY—PROCEEDINGS TO RECOVER RENT.

Where a suit in the justice's court having jurisdiction of the amount of $200 is for a debt for rent less than $200, the jurisdiction is not affected by the fact that the property upon which a foreclosure of landlord's lien is sought exceeds $200 in value.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

2. LANDLORD AND TENANT (§ 252*)—LIEN—STATUTORY PROVISIONS.

Where a landlord's suit for rent and for foreclosure of lien has been begun in a justice's court within 30 days from the removal of personal property from the leased premises, the lien is fixed against the tenants and their vendees.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1022–1026; Dec. Dig. § 252.*]

3. LANDLORD AND TENANT (§ 252*)—LIEN—PRIORITIES.

The rights of one acquiring interest in personal property as a vendee of the purchaser from the tenants who was not a party to the landlord's suit for rent and foreclosure of lien are subject to the landlord's lien for rent accrued and to accrue for the entire term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1022–1026; Dec. Dig. § 252.*]

4. LANDLORD AND TENANT (§ 252*) — ENFORCEMENT OF LANDLORD'S LIEN—INJUNCTION.

An injunction to restrain a sale of personal property to satisfy a landlord's lien will not be granted at the suit of a vendee of the tenants, who bought with knowledge of the landlord's lien.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1022–1026; Dec. Dig. § 252.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Action by George F. Ingraham against H. C. Rich and others. From an order dismissing a temporary writ of injunction, plaintiff appeals. Affirmed.

Ingraham & Hodges, for appellant. Blount & Strong, for appellees.

REESE, J. George F. Ingraham instituted this suit in the county court to recover certain personal property, constituting the furniture and fixtures of a restaurant, alleged to be of the value of $300. The petition alleged ownership in plaintiff, who had purchased the property from one Bruton. It was alleged that E. A. Blount had procured a judgment in the justice court against Sanders & James, and the individual members of the firm of that name, and W. U. Perkins, for $87.50 besides costs, and foreclosure of the landlord's lien on the property in question; that neither plaintiff nor his vendor were parties to said suit; that an order of sale had been issued on said judgment and placed in the hands of defendant H. C. Rich, sheriff, who was about to sell said property to satisfy said judgment. Plaintiff sought a temporary injunction to restrain the sale until the trial of the issue on the ground, as alleged, "that, if the property was sold in bulk, it will not bring its market value, as there would be few bidders and plaintiff would lose his title, and that, if it was sold in parcels, plaintiff would have to bring a multiplicity of suits or lose his title, and that this would work irreparable injury to him, and great expense." The county judge granted what is termed a "temporary injunction," but which was in effect a temporary restraining order until a hearing of the application for a temporary injunction, which was set down for hearing. Defendants Rich and Blount were cited and answered, and on the day set for the hearing in chambers, after hearing the evidence, the county judge entered an order in terms dissolving the temporary writ, from which order plaintiff appeals.

The facts, as presented on the hearing, which are practically undisputed, are as follows:

On October 29, 1909, one Frank Lewis by written contract rented to Sanders & James, a firm composed of P. M. Sanders and H. M. James, a certain building in Nacogdoches for the term of one year beginning on September 1, 1909, and ending on August 31, 1910, for a monthly rental of $35. For value received Lewis assigned this contract to D. K. Cason on October 29, 1909, and for value, on December 1, 1909, Cason assigned it to appellee E. A. Blount, who became thereby the owner of the rent thereafter accruing. On March 15, 1910, H. M. James executed to W. U. Perkins his note for $250, and to secure the same executed a mortgage on his interest in the said restaurant outfit. On May 10, 1910, C. G. Bruton bought out the interests of both partners in the property, paying no cash, but executing his note to W. U. Perkins for $250 and to Sanders for $400, executing separate mortgages on the property to secure the two notes. The note to Perkins seems to have been an adjustment of James' note and mortgage to Perkins. Under this purchase, Bruton went into possession of the restaurant business and the property in question, and occupied it about two months, when he abandoned it and left Nacogdoches. He has never paid any part of the purchase price. Sanders resumed possession of the property and run the business after Bruton left until August 8, 1910, when the property was removed from the rented premises. The property remained in the rented building from the date of the rent contract until it was removed as aforesaid. On December 15, 1910, for a recited consideration of $5, Bruton sold the property to appellant, subject to the two mortgages aforesaid. Blount instituted suit in the justice court for $87.50, rent due on the rent contract, and to foreclose his landlord's lien on the property, making Sanders and James, the individual members of the firm, and W. U. Perkins, defendants. Upon trial Blount had judgment against Sanders & James for $87.50 besides interest and costs, with foreclosure as prayed for against all defendants. From this judgment Perkins appealed to the county court, and on the trial in the county court the same judgment was rendered December 9, 1910. The judgment provided that the property be sold to satisfy the debt, and that for any deficiency execution issue against defendant P. M. Sanders. Order of sale issued on this property and was placed in the hands of Rich, Sheriff, who was about to advertise and sell the property, when stopped by the injunction or restraining order. The property is of the reasonable market value of $300.

[1] We will not undertake a discussion of the several assignments of error in detail. The suit in the justice court was for a debt, less than $200, and to foreclose a landlord's statutory lien upon property of value greater than $200. The jurisdiction of the justice court was not affected by the fact that the property upon which foreclosure of the landlord's lien was sought exceeded $200 in value. Lawson v. Lynch, 9 Tex. Civ. App. 582, 29 S. W. 1128.

[2] Less than 30 days elapsed from the time of the removal of the property from the rented premises until the suit in the justice court was instituted to foreclose the lien. This fixed the lien not only against the tenants, but against the purchasers from them, who bought subject to the lien.

[3] Appellant's contention that the lien was lost because no suit was instituted

against Bruton within the 30 days is not sound. Bruton not having been a party to the foreclosure proceedings, the judgment of foreclosure is not binding upon him nor appellant. Appellant still has the title to the property conveyed to him by Bruton, but that title is subject, not only to the mortgages executed by Bruton, subject to which appellant bought, by the terms of the bill of sale, but also subject to the landlord's lien for rent accrued and to accrue for the entire term. Marsalis v. Pitman, 68 Tex. 624, 5 S. W. 404; Livingston v. Wright, 68 Tex. 708, 5 S. W. 407; Bateman v. Maddox, 86 Tex. 555, 26 S. W. 51.

[4] What right, then, has appellant? He has the same right Bruton had. There is no question that the property in Bruton's hand was incumbered with two mortgages executed by him for $650 and the landlord's lien for the rent due and to become due for the entire term, which is $87.50 with interest. The property is of the reasonable value of $300. Appellant's vendor has paid nothing, and had abandoned the property, and in effect surrendered it to his vendors, some months before the end of the term, and before appellant bought, for $5, Bruton's interest. Appellant bought after the judgment rendered in the county court, and himself represented one of the defendants in that suit as attorney. He seeks in this suit to have a court of equity to prevent the sale of the property without offering to pay off and discharge appellees' lien unquestionably superior to whatever right he has to the property, in order to protect what is shown by the record to be a right of no substantial value. Upon the whole record we think the county judge did not err in dissolving the temporary injunction, and the order is affirmed.

Affirmed.