MANIRE v. WILKINSON et al.

(Court of Civil Appeals of Texas. April 26, 1911.)

COURTS (§ 121*)—JURISDICTION—MATTER IN CONTROVERSY.

The rule that in a suit to recover a debt and to foreclose a mortgage securing the same the matter in controversy is not only the debt, but also the security, and the value of the property mortgaged determines the jurisdiction, does not apply to the foreclosure of a lien created by statute; and hence in the foreclosure of a landlord's lien, irrespective of whether a dis-

tress warrant was applied for and sued out, that the property on which the lien was asserted was worth $500 did not give the county court jurisdiction, the amount of the demand being less than $200.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 121.*]

Appeal from Tom Green County Court; Milton Mays, Judge.

Action by L. W. Manire against R. E. Wilkinson and others. From the judgment, plaintiff appeals. Affirmed.

Brown & Simmons, for appellant.

RICE, J. Appellant, as landlord of appellees, brought this suit to recover the sum of $125 for rents claimed to be due him by them on a livery stable situated in the city of San Angelo, and to foreclose his landlord's lien on certain horses, buggies, wagons, and other property owned and in possession of defendants on the premises, alleged to be of the reasonable value of $500. Appellees excepted to the petition on the ground that it appeared therefrom that the county court had no jurisdiction, because the amount of plaintiff's demand was less than $200, exclusive of interest, which exception was sustained by the court and the case dismissed.

It is agreed by the parties that the only question under the ruling of the court to be passed on by this court is whether by reason of the value of the property upon which the landlord's lien is asserted, to wit, $500, the county court had jurisdiction to try and determine the case; if so, the case should be reversed and remanded, if not, the same should be affirmed. The lien asserted in this case was not given by contract, but arose, if at all, out of the relation of the parties to each other, to wit, that of landlord and tenant. It has frequently been held in this state, to wit, in the cases of Marshall v. Taylor, 7 Tex. 235, Lane v. Howard, 22 Tex. 7, Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742, and Smith v. Giles, 65 Tex. 341, that in a suit to recover a debt and foreclose a mortgage given to secure the same the matter in controversy was not only the debt, but the security given for its payment; and, where a foreclosure is sought under a lien of this character, the value of the property mortgaged determines the jurisdiction of the court. But this rule has not been applied by the courts with reference to the foreclosure of a lien created by statute. In the well-considered case of Lawson v. Lynch, 9 Tex. Civ. App. 582, 29 S. W. 1129, Justice Williams held that in an action to enforce the landlord's lien given by statute on the crops of a tenant the amount of the debt claimed to be due determined the jurisdiction of the court, and not the value of the crop upon which the lien existed. The same doctrine was held by Chief Justice Key in the case of Allen v. Glover, 27 Tex. Civ. App. 483, 65

S. W. 379. It is contended by appellant that these cases are predicated upon the idea that a distress warrant had issued, and under our statutes, where a distress warrant is applied for and issued by a justice of the peace, that it becomes the duty of the justice, if the amount sued for in the claim for rent is not within his jurisdiction, then to return the same to the court having jurisdiction thereof for trial. While it is true that in the case of Lawson v. Lynch, supra, a distress warrant was issued and levied, the record does not show that there was any such warrant applied for or issued in the case of Allen v. Glover, supra, and Justice Key remarks, in passing upon the question raised— that is, whether the justice court had jurisdiction by reason of the fact that the crops levied upon were of greater value than $200 —that, while it has been held in some cases in this state seeking to foreclose liens that the value of the property covered by the lien is to be looked to in determining the jurisdiction of the court, it has been held that the rule referred to does not apply when the lien is given by statute, and the only right given is to seize and sell so much of the property as may be necessary to satisfy the debt.

In the case of Railway Co. v. Allen, 1 White & W. Civ. Cas. Ct. App. § 568, which was an action to foreclose a statutory lien given to mechanics and laborers for work done upon railroads, and where the property upon which the lien was sought to be foreclosed exceeded in value $1,000, it was held by Justice Wilson that "the county court is undoubtedly clothed with power to adjudicate liens upon personal property. This jurisdiction in cases like this one is not controlled by the value of the property upon which the lien is sought to be foreclosed. The statute which creates the lien in question in this case also settles the jurisdiction of the courts as to that lien. While the lien is given upon the roadbed and equipments of the railroad, it is contemplated by the statute that it shall be enforced against so much of the property only as shall be sufficient to satisfy the judgment, thus limiting the lien to the amount of the judgment."

In the present case, while it is true, as claimed by appellant, that the statute gave a lien upon the whole of the property to secure the rent, still plaintiff was only entitled to foreclose the same on so much thereof as was necessary to satisfy his demand. This being true, only so much thereof as was necessary to do this was in controversy. In an ordinary chattel mortgage, the mortgagee not only has a lien upon the entire property covered thereby to secure his indebtedness, but has the right, under the law, to seize and sell all of it in satisfaction of his debt, and after such sale the sheriff or other officer

executing the writ, after applying the proceeds arising therefrom to the satisfaction of the debt, interests, and costs of suit, must pay the balance, if any, to the mortgagor. But under the landlord and tenant's act, while he may levy upon the entire property, or so much thereof as may be necessary to satisfy plaintiff's demand, still the court rendering judgment in behalf of the plaintiff is only justified in ordering a sale of so much thereof as may be necessary to satisfy such demand. This seems to be the ground upon which the cases heretofore adjudicated have distinguished this line of cases from those involving liens based upon contract. And we think that this is the rule that must govern in the foreclosure of a landlord's lien upon property, irrespective of whether or not a distress warrant is applied for and sued out.

Believing that the court below did not err in dismissing this suit for the want of jurisdiction, its judgment is affirmed.

Affirmed.