RED DEER OIL DEVELOPMENT CO. v. HUGGINS.

(Court of Civil Appeals of Texas. Amarillo. March 29, 1913. Rehearing Denied April 19, 1913.)

1. ABATEMENT AND REVIVAL (§ 14*)—OTHER ACTION PENDING.

A former action brought to a court which has no jurisdiction of the subject-matter cannot be pleaded as another action pending.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 105–110; Dec. Dig. § 14.*]

2. COURTS (§ 169*) — JURISDICTION — AMOUNT IN CONTROVERSY.

Where the jurisdiction of a court is dependent on the amount in controversy, neither the amount of the verdict nor the prayer of the petition determine the question of jurisdiction, which must be determined by the amount claimed by plaintiff in his original petition, unless it appears therefrom that he has improperly sought to give jurisdiction where it did not properly belong.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

3. COURTS (§ 169*)—JURISDICTION—"AMOUNT IN CONTROVERSY"—VALUE OF PROPERTY.

In suits to foreclose liens, the value of the property covered by the lien determines the amount in controversy for the purpose of determining whether the court has jurisdiction of the subject-matter; but such rule does not apply when the lien is given by statute, and the only right conferred and asserted is to seize and sell so much of the property as may be necessary to satisfy the debt.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*

For other definitions, see Words and Phrases, vol. 1, pp. 376–377; vol. 8, p. 7574.]

4. ABATEMENT AND REVIVAL (§ 14*)—COURTS (§ 169*) — ANOTHER ACTION PENDING — AMOUNT IN CONTROVERSY — OIL WELL — LIEN—ENFORCEMENT.

Since Rev. Civ. St. 1911, arts. 5644–5649, conferring a lien for labor performed in the drilling of oil wells, does not limit the lien to so much of the property of the owner as may be necessary to satisfy the debt, but includes the entire property connected with the well, a lien claimant under such act could not confer jurisdiction on the county court by only seeking to impose a lien on a part of the property sufficient to satisfy the debt, when the entire property connected with the well and subject to the lien exceeded $1,000 in value, and hence the amount in controversy in such action was the value of all the property, so that the county court had no jurisdiction of the subject-matter, and the pendency of a suit to foreclose the lien in such court could not be pleaded in abatement of a suit on the same facts for the same relief in the district court, though no order of dismissal had been entered in the county court proceeding.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 105–110; Dec. Dig. § 14;* Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

Appeal from District Court, Roberts County; F. P. Greever, Judge.

Action by J. D. Huggins against the Red Deer Oil Development Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Ewing & Dial, of Miami, for appellant. J. A. Holmes, of Miami, and Willis & Willis, of Canadian, for appellee.

HALL, J. Appellee filed this suit in the district court of Roberts county on the 5th day of August, alleging in his original petition, in substance, that on or about the 27th day of May, 1911, he entered into a contract with the defendant to work for it as a driller in the drilling of defendant's well in Roberts county at a stipulated price of $6 per day; that under that contract he worked 25 days. For the same period of time he sought a recovery in the sum of $2.25 per day for the work of his minor son; that about the 1st of September, 1911, he entered into a contract with defendant at an agreed salary of $125 a month, and worked under that contract until April 1, 1912, making a total sum due him of $875, which had not been paid except a sum of $30. It is further alleged that he filed his laborer's lien against certain property of the defendant, and prayed for a judgment of $990 and a foreclosure of his lien, alleging the property to be worth $2,790. The defendant company answered first with a plea in abatement, alleging that before the commencement of this suit the plaintiff on the 5th day of April, 1912, filed his petition in the county court of Roberts county to recover from this defendant upon the identical cause of action as pleaded in this case; that on the 8th day of July, 1912, at a regular term of the county court of Roberts county, and while said suit was still pending in said court, this defendant filed its answer to said petition, and further specifically alleging that the parties to the suit and the cause of action in the two suits were identical. In reply to defendant's plea in abatement plaintiff filed a supplemental petition, pleading specially that in the suit in the county court the defendants had filed a plea to the jurisdiction of that court which they allege was well taken, and that the county court had no jurisdiction to try the issues therein mentioned, since said suit in said county court was defectively brought. The plea in abatement was overruled and a trial upon the merits resulted in a judgment in favor of the plaintiff in the sum of $895 and foreclosure of his laborer's lien upon the property mentioned in the petition. It is claimed by appellee that, before filing the suit in the district court, the suit in the county court had been abandoned, and he had filed a motion dismissing the same and paid the costs of the county court suit in full. In the agreed statement of facts it is stated

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

"that the values of the property upon which said laborer's lien was sought to be foreclosed was more than $1,000."

Appellant's first assignment of error is that the court erred in the first paragraph of the conclusions of law, in this: In concluding (a) that the suit in the county court had been dismissed by the plaintiff; (b) that the lien sought to be foreclosed on the property in the county court was of the value of more than $1,000; and (c) that the plea in abatement in the district court should be overruled, because the court had already found as a matter of fact that the defendant had filed its answer to the suit in the county court, and that the case had been continued one term after the defendant's said answer had been filed, and that the court was not in session at the time plaintiff attempted to dismiss said suit in the county court, and because the record affirmatively shows that there was no order granted by the county court permitting plaintiff to dismiss said suit. It appears from the record that by the second amended original petition filed by the appellee in the county court he specified certain property, setting out the value thereof, upon which he prayed a foreclosure of his lien. The property so designated by him was alleged to be of the value of $990, and his prayer was a foreclosure, not upon the whole bulk of property covered by his lien, but to the extent only of the property so specified. The plaintiff's motion to dismiss his suit in the county court was filed in vacation, and no order of the court had ever been entered granting the motion. Prior to the time plaintiff filed his motion to dismiss the defendant company had filed an answer, consisting of general demurrer, general denial, and plea in abatement, by reason of the fact that the value of the property upon which the lien was attempted to be foreclosed exceeded $1,000.

[1] It is contended by appellant that because no order had been made by the county court formally dismissing the cause or permitting plaintiff to take a nonsuit the action was still pending in that court. The precise point involved in this case seems not to have been decided by the courts of this state. In 1 Stand. Proc. 1003, it is said: "A former action brought to a court which has no jurisdiction of the subject-matter cannot be pleaded as another action pending." Rood v. Eslava, 17 Ala. 430; Phillips v. Quick, 68 Ill. 324; Louisville Water Co. v. Clark, 94 Ky. 47, 21 S. W. 246; Noland v. Sterling, 21 La. Ann. 277.

[2] Our conclusion is that, if it appears from the proceedings in the district court that a suit is pending in the county court over which the county court has no jurisdiction, a plea of another suit pending cannot be maintained. Neither the amount of the verdict nor the prayer of the petition determine the question of jurisdiction, but that question must be determined by the amount in controversy as claimed by the plaintiff in his original petition, unless it appears from the petition in framing his pleading he has improperly sought to give jurisdiction where it did not properly belong. Mecca Fire Ins. Co. v. First State Bank, 135 S. W. 1083; Oneil v. Murray, 94 S. W. 1090; Mobley v. Porter, 54 S. W. 655; Jecker v. Phytides, 27 Tex. Civ. App. 410, 65 S. W. 1129; Euless v. Russell, 34 S. W. 176; Martin v. Jeffries, 153 S. W. 658. Both the petition and the amendment in the county court alleged the property to be of a value exceeding $1,000, and, as above stated, it was admitted upon the trial and appears in the statement of facts that such value exceeded a thousand dollars. It is held in Pecos & Northern Texas Railway Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294, that after a suit has been instituted the plaintiff will not be permitted to remit a portion of the claim sued upon for the purpose of bringing his action within the jurisdiction of the justice court; and such seems to be the holding with reference to suits filed in the county court (Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824), though in the latter case, on rehearing (23 S. W. 91), it is said: "At the request of appellees, the judgment of this court will be so modified as to remand the case, in order that they may so amend as to bring their cause within the jurisdiction of the county court. If they shall amend their petition so as wholly to abandon their claim for attorney's fees, it will be proper for the county court to entertain their suit, adjudging against them the costs accrued prior to the filing of such amendment."

[3] It seems to be definitely settled by the decisions of this state that in suits to foreclose liens the value of the property covered by the lien determines the "amount in controversy," and this rule seems to be adhered to by the later cases. Kelley v. Stevens, 136 S. W. 94. Though it has been held that the rule does not apply when the lien is given by statute, and the only right given by the statute and asserted is to seize and sell so much of the property as may be necessary to satisfy the debt. Lawson v. Lynch, 9 Tex. Civ. App. 582, 29 S. W. 1128; Dazey v. Pennington, 10 Tex. Civ. App. 326, 31 S. W. 312; Irion v. Bexar County, 26 Tex. Civ. App. 527, 63 S. W. 550; Allen v. Glover, 27 Tex. Civ. App. 483, 65 S. W. 379.

[4] Rev. Stat. 1911, arts. 5644–5649 (by virtue of which appellee's lien exists), do not provide that only so much of the property as may be necessary to satisfy the debt shall be subject to the lien and sold for the payment of the debt, but by the operation of the statute the lien includes the entire property connected with the oil well. Since it is definitely settled that in suits to foreclose liens of this character, the value of the property upon which the lien has been fixed is the

"amount in controversy," and since the question of the "amount in controversy" is not a mere matter of personal privilege (Land Mortgage Bank v. Voss, 29 Tex. Civ. App. 11, 68 S. W. 732), and since the defendant has an interest in the question as to what court shall adjudicate the controversy, we conclude that the appellee herein had no right to select certain property from the whole covered by the mechanic's lien and seek to foreclose upon it without the consent of appellant. The defendant in an order of sale has the right to designate what particular property of a greater amount shall be sold first; and, while there are some 'cases in other jurisdictions which hold that the mortgagee in a foreclosure proceeding has the right to waive his lien as to part of the property (Jones on Mortgages [6th Ed.] § 1413; Mascarel v. Raffour, 51 Cal. 242; Barley v. Roosa, 13 N. Y. Supp. 209; [1] Bull v. Coe, 77 Cal. 54, 18 Pac. 808, 11 Am. St. Rep. 235; Norton v. Henry, 67 Vt. 308, 31 Atl. 787), we cannot under the decisions of this state, and in view of the fact that such proceeding would enable the mortgagee to deprive the defendant in order of sale of this right, follow the rule announced in such cases. It having been made to appear upon the trial of the issue raised by the plea in abatement that the value of the property involved in the litigation was beyond the jurisdiction of the county court, it becomes a matter of secondary consideration as to whether or not the county judge had formally and in term time dismissed the suit, since it was his bounden duty to do so upon the reconvening of his court. No amendment which had been or might be filed by the appellee in the county court could change the value of the property covered by appellee's lien, and the rule announced above, quoted from 1 Stand. Proc. 1003, must govern the disposition of this appeal.

The judgment of the trial court is therefore affirmed.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 Hun, 617.

