**BALL et al. v. BEATY.** (No. 5913.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1917. On Motion for Rehearing, July 1, 1920.)

1. **Justices of the peace ⪧44(2)—Jurisdiction fixed by allegations of lien.**

Jurisdiction is fixed by allegations of existence of a lien in favor of plaintiff farm laborer, and not lost by failure to prove them.

2. **Justices of the peace ⪧44(2)—Facts immaterial on value of property against which farm laborer's lien asserted.**

Facts that lien existed on oats, and that cattle had been sold prior to filing for record of plaintiff farm laborer's account, *held* immaterial on issue of value of property against which he asserted lien.

3. **Courts ⪧107—Notations in granting writ of error only tentative.**

Notations made on granting writs of error express only the tentative opinion of the court.

4. **Justices of the peace ⪧44(2)—Value of property against which farm laborer's lien asserted controls jurisdiction.**

In view of Rev. St. 1911, art. 2000, value of property against which farm laborer's lien is asserted, if greater than the debt, controls in determining jurisdiction, a rule applying to common law and statutory liens as well.

5. **Jury ⪧16(1) — Farm laborer entitled to jury on issue of value of property.**

Farm laborer seeking to enforce lien was entitled to jury trial on issue of value of property, raised on plea to jurisdiction of county court, but where evidence was undisputed it would have been proper to direct verdict.

Appeal from Menard County Court; J. D. Scruggs, Judge.

Suit by E. B. Beaty against Thomas Ball and A. W. Ball. From judgment for plaintiff, defendants appeal. Reversed and cause remanded.

Flack & Flack, of Menard, for appellants. Frank Hartgraves, of Menard, for appellee.

MOURSUND, J. Appellee sued appellants, Thomas Ball and A. W. Ball, in justice's court to recover $163.35, alleged to be due him as wages for labor rendered on the farm of appellants, Thos. Ball and A. W. Ball, and in caring for certain stock for them. He sought a foreclosure of a statutory laborer's lien on 253 acres of oats and 25 head of cattle. He impleaded J. W. Nixon and Lamar Wilkinson, on the ground that they had purchased some of the oats after he filed his lien. He obtained judgment in the justice's court, and upon appeal to the county court appellants filed a plea to the jurisdiction of the court, alleging that the value of the property on which the lien was asserted exceeded $200. The county court heard evidence upon the issue, and found that the value of the property exceeded $200, but nevertheless overruled the plea to the jurisdiction, and rendered judgment for plaintiff against Thos. Ball and A. W. Ball for the amount sued for by him, and for foreclosure of lien upon the oats and cattle; also against Nixon for $55, and Wilkinson for $33.60, to be made by execution if the amount of the judgment could not be made out of property covered by the lien still in the hands of Thos. Ball and A. W. Ball.

[1, 2] The county court found that the property against which the lien was asserted was worth more than $200, and the undisputed evidence sustains such finding. Appellee contends that the fact that a lien existed on the oats and that the cattle had been sold prior to the filing for record of the plaintiff's account should be taken into consideration in determining the value of the property. Such facts are immaterial. Jurisdiction is fixed by allegations of the existence of a lien, and not lost by failure to prove the allegations.

Although the allegations of the plea to the jurisdiction were sustained by the undisputed evidence, and found to be true by the court, such plea was overruled, on the theory that the rule that in suits to foreclose liens on personal property the value of the property, if greater than the debt, fixes the jurisdiction applies only to contract liens and not to liens existing by virtue of article 5644, Vernon's Sayles' Statutes. Upon investigating the question of jurisdiction we found that it had been held in cases of foreclosure of landlords' liens that jurisdiction was fixed by the amount of the debt. Lawson v. Lynch, 9 Tex. Civ. App. 582, 29 S. W. 1128; Ingraham v. Rich, 136 S. W. 549; Manire v. Wilkinson, 136 S. W. 1152. We also found that it had been held that in a suit by a laborer to foreclose his statutory lien, given by article 3180 (R. S. 1879), the value of the boat was held to be the amount in controversy (Smith v. Giles, 65 Tex. 341), and that in suits to foreclose the common-law lien of a carrier for freight charges, which lien is recognized by statute (articles 725 and 726, Vernon's Sayles' Statutes), the value of the goods determined the jurisdiction (T. & N. O. Ry. Co. v. Rucker, 38 Tex. Civ. App. 591, 88 S. W. 815). In the last-mentioned case the court undertook to distinguish the case of Lawson v. Lynch and others mentioned, stating that the decision in each was controlled by the provision of the statute which only authorizes so much of the crop to be seized and sold as might be necessary to satisfy the debt sued for. Upon a certified question, the Supreme Court approved the decision, and stated that the

question had been ably discussed. Our examination of the opinion in the Rucker Case convinced us that the case was distinguished from the cases involving landlords' liens, on the ground that the statute giving a lien for freight charges contained no provision directing the sale of only so much of the property as was necessary to pay the debt and costs.

The case of Allen v. Glover, 27 Tex. Civ. App. 483, 65 S. W. 379, has been often cited as falling within the exception recognized in the case of Lawson v. Lynch, but it was a case involving the foreclosure of a laborer's lien under the statute, and the court apparently based its decision on the proposition that by an amendment of the pleading in the county court plaintiff asserted a lien upon only so much of the crop as was necessary to satisfy the debt and costs, and that such pleading was as effective to create an exception to the general rule as the provision in the statutes giving a lien to landlords. We could not subscribe to the theory that any amendment in the county court could confer jurisdiction when the justice's court had none, and regarded the opinion as unsatisfactory. The case was cited in the Rucker Case, but evidently under the belief that it was based on a statute which only authorized so much of the crop to be seized and sold as might be necessary to satisfy the debt sued for. We concluded that, as the statute involved in this case contained no such provision as the one in the landlords' statute, under the holding in the Rucker Case, we would be compelled to hold that the value of the property, if greater than the debt, controlled in determining jurisdiction. The same conclusion was reached in the case of Ferrell v. McCormac, 184 S. W. 1081, and, without relying upon the Rucker Case, the Amarillo court arrived at the same conclusion in the case of Red Deer Development Co. v. Huggins, 155 S. W. 949.

After deciding the case, we discovered that the Supreme Court had granted a writ in the Ferrell v. McCormac Case, making the following notation (granted January 13, 1917):

"We are inclined to the view that the same rule governing the enforcement of a landlord's lien should be applied to the enforcement of a laborer's lien, that is that the enforcement of the lien should be restricted to only so much of the property as is necessary to satisfy the debt. If this is correct the debt and not the value of the property should equally determine the jurisdiction of the court. In T. & N. O. v. Rucker [38 Tex. Civ. App. 591] 88 S. W. 815, it is stated that the statutes there considered authorized the sale of all the property covered by the lien, which distinguishes the case from this one and from Lawson v. Lynch [9 Tex. Civ. App. 582] 29 S. W. 1129. We think the justice court judgment was, therefore, not void. See Allen v. Glover [27 Tex. Civ. App. 483] 65 S. W. 379."

[3] While notations made upon granting writs express only the tentative opinion of the court, and are not of authoritative value, the one in question indicated such a decided opinion that we set aside our judgment and again considered the authorities.

In the cases of Marshall v. Taylor, 7 Tex. 235, Smith v. Giles, 65 Tex. 341, and Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742, the leading cases which established the rule that in foreclosure of contract liens the value of the property, if greater than the debt, controls as to jurisdiction, we do not find any statement that the holding was based on the statute passed May 13, 1846, now known as article 2000 (R. S. 1911).

[4] However, in some recent cases by Courts of Civil Appeals there are intimations that the provision of the statute directing the sale of all of the property furnished the basis for holding that the value of all the property was put in controversy in suits to foreclose contract liens, and the notation made by the Supreme Court adds weight to that view. However, article 2000 (R. S. 1911) relates to judgments for the foreclosure of "mortgages and other liens," and is broad enough to cover statutory as well as contract liens, and we believe it was intended to provide a rule relating to all liens in the absence of special provisions relating to particular liens. There being no such special provision in the statute giving laborers a lien, it seems clear that the judgment would be framed in accordance with the provisions of said article 2000. We, therefore, find ourselves unable to find any ground upon which this case can be distinguished from the Rucker Case and the cases involving contract liens. We think the criticism of the doctrine, that the value of the property if greater than the debt controls in determining jurisdiction, made in the Lawson v. Lynch Case is sound, but as the rule is well settled, and we are unable to perceive any ground on which we can consistently apply a different rule in this case, we find ourselves compelled to hold that the county court did not have jurisdiction in this case.

It is with regret that we arrive at this conclusion, for it would be far better in this class of cases to have jurisdiction determined by the amount of the debt.

[5] Appellee, by cross-assignment, complains of the failure of the court to allow him a jury trial on the issue as to the value of the property. This was erroneous, for issues of fact arising upon pleas to the jurisdiction, pleas of privilege, and pleas in abatement should be submitted to the jury when a jury has been impaneled in the case. However, when the evidence is undisputed, as it is in this case, it is proper to peremptorily instruct the jury to return a verdict in accordance with such undisputed evi-

dence. There is no merit in the contention that on account of this error by the court we would be justified in discarding the evidence introduced and affirming the judgment.

Ordinarily, the proper practice is for this court to reverse the judgment and dismiss the case when the trial court had no jurisdiction, and we have no reason to believe that a second trial of the issue of fact can result in establishing that the oats and cattle were of a value less than $200. In this case, however, the value, upon which we must base our judgment, was arrived at without the aid of a jury, although one was properly demanded, and we believe the proper practice is to reverse the judgment and remand the cause, even though of the opinion that a second trial will result in a finding that the oats and cattle were worth much more than $200.

Judgment reversed and cause remanded.

### On Motion for Rehearing.

At appellee's request, we postponed consideration of his motion for rehearing to await the decision of the Supreme Court in the case of Ferrell v. McCormac. The case was decided, but the question before us was not passed upon. (Com. App.) 215 S. W. 559.

The Constitution fixes the jurisdiction of the courts, and it is settled beyond question that the amount in controversy is fixed by the value of the personal property on which a lien is sought to be foreclosed when such value exceeds the amount of the debt. This rule applies not only to mortgage liens, but also to statutory liens. Smith v. Giles, 65 Tex. 341. So-called exceptions have been recognized in two kinds of cases.

In the case of Railway v. Allen & Humphreys, 1 White & W. Civ. Cas. Ct. App. § 568, it was sought to foreclose a lien of a mechanic for work on a railroad. The statute provided that the judgment should "adjudge and order said railroad and equipments, or so much thereof as may be necessary, to be sold to satisfy said judgment." It was plainly intended by the statute to make the jurisdiction dependent on the amount of the debt, as it uses the language, "it shall be the duty of the court having jurisdiction of the same," which would be inapplicable if the value of the property controlled, for the value of the equipments would always be high enough to confer jurisdiction on the district court. This, however, is immaterial, as the Legislature could not change any matter of jurisdiction fixed by the Constitution. The decision is therefore based, and must be based, alone upon the proposition that the right to a judgment was limited by the express provision above quoted so that it could only order so much of the property sold as was necessary to satisfy the judgment. The statute may be said to be one giving a lien, but also specially providing for, and restricting the manner of enforcing, payment. In that case the suit was for $459.38, and there was no necessity for the sheriff seizing and selling property of a value in excess of the amount of which the county court has jurisdiction.

In the case of Lawson v. Lynch the court, speaking through Judge Williams, found a state of facts deemed analogous to that considered in said case of Railway v. Allen & Humphreys. It was a case brought by a landlord against a tenant. The landlord, instead of availing himself of the right to bring an ordinary foreclosure suit, caused a distress warrant to issue, and made his case one whereby collection was attempted to be enforced under the statutory provisions relating to such warrants. The statute provides that such a warrant shall command the sheriff to seize the property of the defendant or so much thereof as will satisfy the demand. It was held that the amount in controversy necessarily meant the debt sued for. The opinion fails to disclose the exact amount sued for. Some stress appears to have been laid upon the intent of the Legislature to make jurisdiction dependent on the amount of the debt, but, as before stated, we see no merit in a theory of that kind, for the reason that the Legislature could not change the jurisdiction expressly conferred by the Constitution, so the real inquiry in all cases is: "What is the amount in controversy?"

While the facts in each case may have been such that it was impossible for the judgment to operate upon property of greater value than the value prescribed as the limit of jurisdiction, the decisions do not seem to be based upon the peculiar facts, but appear to announce a general rule that the amount of the debt governs in cases arising under the particular statutes regardless of the value of the property which may be sold to satisfy the judgment. To illustrate: Let us suppose the suit is one by a landlord against his tenant for $199 with interest thereon for six months. The justice's court would have jurisdiction. But let us suppose that in addition it is alleged that a landlord's lien exists upon a great deal of property and a distress warrant is issued directing the sheriff to seize said property, or sufficient thereof to satisfy the debt. He must necessarily seize property of a greater value than $200, and the judgment must necessarily require the sale of property of a value in excess of $200. If the rule adhered to in said cases is applied under such a state of facts, we have cases in which the value of the property on which a lien is sought to be enforced does not control in fixing jurisdiction, although such value would control in a suit similar in all

respects except that it involves a contract lien.

In said case of Lawson v. Lynch the court said:

"While the landlord may charge any and all of the crops of the tenant with his lien, the judgment in his favor can reach and appropriate to its payment only so much as is necessary to satisfy the debt sued for and found to be due, and can therefore only affect the property to that extent."

In the case of McKee v. Sims, 92 Tex. 51, 45 S. W. 564, the court, answering a question concerning the extent to which a levy could be made of a distress warrant, said:

"The statute gives the lien upon all the property. It follows that the landlord has the right to a foreclosure of such lien upon it all. He may resort to an ordinary suit for that purpose. Bourcier v. Edmondson, 58 Tex. 675. The statutory proceeding by distress warrant was intended as a simple and inexpensive method of enabling the landlord to hold the property until he could have a foreclosure in the proper court to which the warrant should be returned. To hold that by resorting to this proceeding he must forego a foreclosure upon the entire property, and then take the chances of being liable for damages for what might turn out to be an excessive seizure, would make the proceeding so dangerous that a prudent person would prefer to lose his rent in many cases rather than distrain. This would leave the landlord virtually no remedy in cases of small rentals where the amounts due would not justify employment of counsel and incurring of costs incident to an ordinary suit to foreclose, and would result in the destruction of the only security which a large class of poor but honest tenants are able to give for rents and advances to enable them to live while cultivating their crops. The language of the statute does not demand such construction. The entire proceeding so far as the landlord is concerned seems to contemplate the foreclosure of the lien upon the entire property. Article 3240 provides that 'it shall be lawful * * * to apply * * * for a warrant to seize the property of such tenant.' We do not think the language of articles 3242 and 3243 as to the form of the writ and the duty of the officer was intended to restrict the landlord's right, but gave the officer the discretion at his peril of seizing only a part of the property. It was based upon the idea that there might be cases in which the officers could see that a part of the property would easily satisfy the claim and that there would be no necessity of levying upon more. If the statute had intended to authorize the levy upon no more property than was sufficient to satisfy the claim, instead of leaving the matter to the discretion of the officer as above indicated, it would have been unnecessary to have inserted the first portion of the clause, 'the property of the defendant, or so much thereof as will satisfy the demand,' in the writ."

It seems from the foregoing language that the court placed too much stress, in the case of Lawson v. Lynch, on the language of the statute relating to the form of the writ.

To say the least, however, there is no statute which in any way limits the form of the judgment or the order of sale when the landlord, instead of resorting to distress proceedings, brings an ordinary foreclosure suit. However, our courts have extended the rule applied in said case of Lawson v. Lynch so as to make it apply to cases by a landlord to foreclose his lien, regardless of whether he availed himself of the statutes relating to distress proceedings. Manire v. Wilkinson, 136 S. W. 1152. Right here is where appellee makes an argument to the effect that there can be no valid ground for distinguishing between the ordinary case of a landlord suing simply to foreclose his lien and this case; that neither statute provides that in such a suit only property sufficient to satisfy the debt may be seized and sold; that both statutes leave the enforcement of the judgment to the general rule applicable to judgments foreclosing liens. It must be conceded that when a landlord fails to avail himself of his statutory remedy of distress warrant, and brings an ordinary foreclosure suit, the analogy between his suit and this suit is strong, and the writer admits his inability to distinguish between them so far as jurisdictional questions are concerned. Of course the fact that our courts have assumed that there is no distinction between an ordinary suit to foreclose a landlord's lien and one accompanied by a distress warrant does not mean that they concluded that the decision in the case of Lawson v. Lynch was based upon an erroneous ground, for invariably it seems to have been assumed that the provision relied on in that case was embraced in the statutes in such a way that it applied in all cases to foreclose landlords' liens.

In the Lawson v. Lynch Case the court approves the decision of our Supreme Court in the case of Smith v. Giles, supra, and recognizes that the same rule is applicable to liens created by contract or act of parties upon specific chattels. The reference to liens created by act of parties upon specific chattels was made in view of the Smith v. Giles Case which was a suit by a laborer to foreclose a statutory lien for the amount due him for work on a boat. We are unable to see how the fact that the lien may exist on one article instead of twenty can make any difference in the question of jurisdiction, nor do we think the court intended to imply that it might. The lien in that case existed by virtue of article 5650 (R. S. 1911), while that sought to be foreclosed in this case exists by virtue of article 5644, R. S. 1911. Of course a foreclosure of the lien on the vessel would necessitate the sale thereof, and no question could arise whether the sale was excessive, but as the other article

of the statute contains no provision for seizing and selling only so much as is necessary to satisfy the debt, and the succeeding article (No. 5645) fixes a period of six months in which to sue to foreclose the, lien, we are unable to see why the general statute relating to foreclosure of liens would not be looked to in order to see what kind of a judgment would be entered. That article (No. 2000) specifies that the judgment for foreclosure of mortgage and other liens shall be that plaintiff recover his debt, damages, and costs, with a foreclosure of the lien on the property subject thereto, and that an order of sale issue directing the seizure and sale of the same as under execution, in satisfaction of the judgment. We, therefore, look in vain for any statutory provision giving a remedy of seizing and selling only enough property to pay plaintiff's debt, or even a statute authorizing a foreclosure sale different from that provided for as to contract liens or laborer's liens on vessels.

It may be considered as established by the decision in the case of T. & N. O. Railway v. Rucker, approved by the Supreme Court, that the rule to the effect that the value of the personal property upon which a lien is sought to be foreclosed, if in excess of the amount of the debt, controls in determining jurisdiction is not limited to contract liens, but applies to common-law liens, and statutory liens. · This is no more than following up the decision in the case of Smith v. Giles. We are unable to escape the conviction that the cases distinguished in said Rucker Case were distinguished upon the ground that the court believed each of them to be based upon statutes which only authorized so much of the property to be seized and sold as might be necessary to satisfy the debt. If the cases were not distinguishable on the ground stated by the court, it certainly cannot be inferred that the court knew such distinction to be without any basis, and therefore found some other ground upon which such decisions could be upheld.·

It is expressly stated that the decision in the case of Lawson v. Lynch is based upon the provisions of the statute "directing the manner of the enforcement of the landlord's lien." If this ground of distinction is sound, or may be regarded as definitely approved and established by the Supreme Court, the fact remains that no such ground of distinction can be found in the statutes giving the appellee in this case his lien.

Nor do we regard the case of Allen v. Glover, 27 Tex. Civ. App. 483, 65 S. W. 379, as constituting any authority in support of the contention that the justice's court had jurisdiction of this case. That case was expressly decided on the theory that by an amendment to the pleading the plaintiff laid the foundation for a provision in the judgment limiting the sale to so much of the property only as was necessary to satisfy the debt, which was only $84. The opinion does not disclose whether the amendment· was made after appeal or before, but as the jurisdictional question was raised in the justice's court, we are satisfied the amendment was made in that court. The doctrine announced by the case may be said to be one that plaintiff can abandon part of his cause of action, but not that a justice's court would have jurisdiction of a suit to recover $84, and to foreclose a statutory laborer's lien on property worth $250. The pleading in this case was not thus amended, so that decision can furnish no authority for sustaining appellee's contention. We go no further in the consideration of that case than to show that the. opinion of the court does not state any different view of the law than that held by us in deciding this case.

The suit of appellee was one to foreclose a lien on property of the value of more than $200, and it cannot be held to fall within any of the exceptions hereinbefore discussed, and is therefore governed by the rule applied in the Railway v. Rucker Case, the Smith v. Giles Case, and the cases involving contract liens.

The motion for rehearing is overruled.

---

⬅⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes