### J. N. DAZEY V. J. H. W. AND J. L. PENNINGTON.

#### No. 1777.

1. **Jurisdiction of County Court—Distress Proceeding.**—Where a distress warrant for rent sued out before a justice of the peace upon a claim for a sum exceeding $1000, and levied on property above that amount in value, is returned to the County Court, such court is without jurisdiction of the amount in controversy, and is not authorized to enter an order in the case quashing the distress warrant or any other order except one dismissing the case and directing its transfer to a court having jurisdiction.

2. **Bill of Review—Vacating Order.**—Where an order is void for want of jurisdiction, the court may declare its nullity and set it aside, though so requested at a subsequent term by a bill of review.

APPEAL from the County Court of Tarrant. Tried below before Hon. R. G. JOHNSON.

*F. M. Brantly*, for appellant.—The orders entered by the County Court quashing the distress writ and proceedings, and ordering the property and the proceeds of that sold, in the hands of the officers, delivered to the defendants, was void, for the reason that the value of the property seized and sought to be foreclosed on was beyond the value of $1000, and was part of the matter in controversy, and plaintiff's claim and debt was beyond $1000, and hence beyond the jurisdiction of the court. Smith v. Giles & Sheppard, 65 Texas, 341; Marshall v. Taylor, 7 Texas, 235; Cotulla v. Goggan & Bro., 77 Texas, 32; Brazoria County v. Calhoun. 61 Texas, 223; Hildebrand v. McMahan, 59 Texas, 453; Const., art. 5, secs. 8, 16; Erwin v. Blanks, 60 Texas, 582; 1 W. & W. C. C., secs. 171, 202.

Error to dismiss petition when distress writ is quashed: Brown v. Collins, 77 Texas, 159; Ct. App. C. C., sec. 421.

No brief for appellees reached the Reporter.

TARLTON, CHIEF JUSTICE.—On June 21, 1892, the appellant, Dazey, as the landlord of appellees, filed in the Justice Court his affidavit and his bond for a distress warrant, and secured the issuance of a writ in accordance therewith. The process was returned by the justice to the County Court of Tarrant County.

On September 3, 1892, the plaintiff, Dazey, filed in the County Court his original petition in the cause, in which he asserted a claim for $1035 for rents due, and prayed judgment accordingly. The writ was levied by the officer upon certain property exceeding in value the sum of $1000. Pending this proceeding, a portion of this property was sold as perishable effects, by order of the court.

On October 7, 1892, on motion of the defendant, on the ground that "no petition was filed by plaintiff as required by law," the court quashed the distress proceedings and dismissed the cause, ordering

that in case no appeal should be perfected within the time prescribed by law, the property distrained, including the proceeds in the hands of the officers of the court, shall be turned over to the defendants. The court in its judgment granted the plaintiff leave to withdraw the papers filed and to refile the same in the District Court. Of this leave the plaintiff availed himself, and the cause was accordingly docketed in the District Court of Tarrant County, where it seems to be yet pending.

On January 26, 1893, the appellant, Dazey, as plaintiff, instituted this proceeding against the appellees, as defendants, in the nature of a bill of review, seeking to have set aside the judgment of the court entered October 7, 1892, quashing the distress writ and the proceedings sued out as above described. This relief the court refused to grant, and hence this appeal. We hold:

1. The jurisdiction of the County Court was fixed by the amount of the demand asserted by the plaintiff. Lawson v. Lynch, 29 S. W. Rep., 1128.

2. As this exceeded the sum of $1000, the County Court was without jurisdiction to quash the distress proceedings, and to order the return of the property and its proceeds to the defendants.

3. It should have granted the relief prayed for by the appellant, and have set aside its former void decree, a compliance with which tended to hamper the plaintiff in the prosecution of his case in the proper tribunal, by ordering the surrender to the defendants of the property on which the plaintiff's lien was sought to be asserted. As the order of the County Court quashing the distress proceedings was without jurisdiction, it should have declared its nullity, though requested at a subsequent term. Heath v. Layne, 62 Texas, 694.

It would seem that the only decree which the County Court could have properly made would have been to dismiss the cause from the docket of that court, and to order its transfer to the court having jurisdiction thereof. Beckham v. Rice, 1 Texas Civ. App., 281.

The judgment is reversed, and the cause is remanded.

*Reversed and remanded.*

Delivered April 26, 1895.