NUNEZ v. McELROY. (No. 408.)*

(Court of Civil Appeals of Texas. El Paso. Feb. 24, 1916. Rehearing Denied March 23, 1916.)

1. APPEAL AND ERROR ☞1185—JURISDICTION —FINALITY OF JUDGMENT IN LOWER COURT —SETTING ASIDE AFFIRMANCE.

If the trial court's judgment was not final, the Court of Civil Appeals did not acquire jurisdiction, and its judgment of affirmance is a nullity, and should be set aside.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4636–4641; Dec. Dig. ☞ 1185.]

2. APPEAL AND ERROR ☞1185—JURISDICTION —JUDGMENT IN LOWER COURT — SETTING ASIDE AFFIRMANCE.

Motion to set aside a judgment of affirmance, on the ground that the trial court's judgment was not final, and that therefore the appellate court never acquired jurisdiction, may be made at a subsequent term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4636–4641; Dec. Dig. ☞ 1185.]

3. APPEAL AND ERROR 79(2)—JURISDICTION— FINAL JUDGMENT—DISPOSITION OF PARTIES —IMPLICATION.

Even if plaintiff's amended petition, stating that he dismissed his suit as to all defendants except N., and complaining of N. only, did not ipso facto, operate as a discontinuance as to all defendants except N. without formal order, the plain and necessary implication from the order

then made—not specifically naming defendant R., but reciting that plaintiff says he will not prosecute his suit against named defendants, and dismisses his suit as to all defendants except N., and ordering the dismissal as to the named defendants, and that the cause stand for trial with N. as defendant, and from the judgment against N. after trial, reciting that plaintiff having therefore entered a dismissal of his cause against all the defendants except N., plaintiff and defendant N. announced ready for trial—is that the suit was discontinued as to all defendants except N., which is all that is necessary as regards there being a complete disposition of parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 485–487; Dec. Dig. ☞79 (2).]

4. APPEAL AND ERROR ☞80(1) — JURISDICTION — FINAL JUDGMENT—DISPOSITION OF SUBJECT-MATTER—AMENDMENT OF PETITION.

Relative to the judgment disposing of the subject-matter, and so being final, for purpose of appeal, amendment of the petition reducing plaintiff's claim to five of the many acres claimed by the petition, of itself eliminated all the rest of the subject-matter of his claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. ☞80(1).]

5. APPEAL AND ERROR ☞80(1) — JURISDICTION — FINAL JUDGMENT—DISPOSITION OF CROSS-ACTION.

The cross-action of defendant for the land sued for by plaintiff is by necessary implication disposed of and adjudicated against him by the judgment for plaintiff therefore.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§. 494–500, 503, 505–509; Dec. Dig. ☞80(1).]

6. DISMISSAL AND NONSUIT ☞19(3)—DISMISSAL OF SUIT—EFFECT ON CROSS-ACTION.

Plaintiff's dismissal of his suit as to certain defendants did not affect any cross-action pleaded by them.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 36; Dec. Dig. ☞19(3).]

7. APPEAL AND ERROR ☞80(1) — JURISDICTION — FINAL JUDGMENT — DISPOSITION OF CROSS-ACTION.

Disposition of any cross-action pleaded by defendants as to whom he dismissed his suit is essential to finality of the decree or judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. ☞80(1).]

8. TRESPASS TO TRY TITLE ☞22—CROSS-ACTION—PLEADING—LIMITATIONS.

Answer of defendants in trespass to try title, though not containing some formal allegations appropriate to a cross-action therein, is, in the absence of special exceptions, sufficient to constitute a cross-action, and afford basis on which to predicate a right to affirmative relief, thereby asked, facts being alleged, the legal effect of which is to vest in such defendants title by limitations; a plea of limitations, as distinguished from one of not guilty, necessarily implying that title is vested in defendants, and so, under appropriate prayer, authorizing affirmative relief.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. ☞22.]

9. APPEAL AND ERROR ☞80(1) — JURISDICTION — FINAL JUDGMENT — DISPOSITION OF CROSS-ACTION.

There is an implied disposition, by discontinuance or dismissal, of the other defendants' cross-action, in the order that plaintiff's suit was dismissed as to them, "and that this cause

stand for trial with M. as plaintiff, and N. as defendant."

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. ☞80(1).]

10. APPEAL AND ERROR ☞80(1) — JURISDICTION—FINAL JUDGMENT.

Whether dismissal of the cross-action of defendants, as to whom plaintiff dismissed his suit, was rightful, is immaterial, relatively to there having been a disposition of the issue, making the judgment final, and so giving the appellate court jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. ☞80(1).]

Appeal from District Court, El Paso County; M. Nagle, Judge.

On motion to vacate judgment of affirmance. Denied.

For former opinion, see 174 S. W. 829.

C. L. Vowell, Beall & Kemp, and J. E. Quaid, all of El Paso, for appellant. Davis & Goggin, Paul D. Thomas, and Burges & Burges, all of El Paso, for appellee.

HIGGINS, J. [1, 2] At a preceding term of this court, a final disposition of this appeal was made and judgment of affirmance entered. At this term, appellant filed a motion setting up that the judgment of the lower court was not final; therefore this court never acquired jurisdiction, and its order of affirmance was a nullity and should now be vacated and the appeal dismissed. If the judgment of the court below is subject to the objection urged against it, this court never acquired jurisdiction of the case. Its order of affirmance would be a nullity and it should now be vacated and the appeal dismissed. The fact that this motion is filed at a subsequent term is not an objection to such action. Chambers v. Hodges, 3 Tex. 517; Burke v. Mathews, 37 Tex. 73; Burr v. Lewis, 6 Tex. 76; Munson v. Newson, 9 Tex. 109; Dazey v. Pennington, 10 Tex. Civ. App. 326, 31 S. W. 312; Milam Co. v. Robertson, 47 Tex. 222.

Appellant's motion will therefore be considered upon its merits.

[3] It is objected to the judgment of the court below that it lacks finality, because it fails to dispose of all the parties to, issues, and subject-matter of, the litigation.

The suit was filed by McElroy against Nunez et al. to recover title to and possession of a number of surveys of land bordering on the Rio Grande river. On July 31, 1913, plaintiff filed an amended petition against the same defendants and Ignacio Rodriguez. On September 2, 1913, defendants filed a plea of not guilty. On January 7, 1914, defendants filed another answer, which reads:

"Now come defendants and deny each and every allegation in plaintiff's petition and demand strict proof of same.

"Defendants say they are not guilty of the wrongs and injuries complained of in plaintiff's petition.

"Defendants say that they have been in peaceable and adverse possession of land described in plaintiff's petition under title and color of title for more than three years next preceding June 1, 1913, and therefore say plaintiff's cause of action is barred by statute of limitation, and of this prays judgment of the court.

"Defendants further say that they have had peaceable and adverse possession of said real estate described in plaintiff's petition, cultivating, using and enjoying the same for ten years next preceding June 1, 1913, and therefore plaintiff's cause of action is barred by the statute of limitation, and of this they pray judgment of the court.

"Defendants further say that they have been in peaceable and adverse possession of said real estate, cultivating, using, and enjoying the same and paying taxes thereon and claiming under a deed and deeds duly registered for more than five years next preceding June 1, 1913, and therefore plaintiff's cause of action is barred by statute of limitation, and of this · pray judgment of the court.

"Wherefore defendants pray for judgment over and against the plaintiff herein for all land between the old river as it ran at the time the respective surveys of respective numbers set up in plaintiff's petition and present Rio Grande river; same is not accretion to said numbers and because same is property in fee simple of defendants."

On January 8, 1914, plaintiff again amended, in such amendment stating that he dismissed as to all defendants except Nunez. This petition complained only of Nunez, and prayed judgment against him for the title and possession of the land therein described. The land described was five acres out of one of the surveys named in the preceding petitions. On the same date the court entered an order of dismissal as follows:

"Be it remembered that on this the 8th day of January, 1914, came the parties by their attorneys, and the plaintiff says that he will not further prosecute his suit against the defendants Melquervas Perea, Catrino Rivera, Felix Castillos, Patricio Rivera, Joaquin Ruiz, Alberto Chavez, Preciliano Apodaca, Bonifacio Sapulga, Victorio Espinosa, Jesus Rivera, Gregorio Rivera, Polito Sapulga, Julian Sanchez, Mauricio Apodaca, Frank Alderete, Robert Parson, and R. J. Owen, and dismisses, without prejudice, as to all of the defendants except the defendant Jesus Nunez, but will prosecute his suit as to defendant Jesus Nunez. It is therefore considered by the court that this suit be dismissed as to the said Melquervas Perea, Catrino Rivera, Felix Castillos, Patricio Riveria, Joaquin Ruiz, Alberto Chavez, Preciliano Apodaca, Bonifacio Sapulga, Victorio Espinosa, Jesus Rivera, Gregorio Rivera, Polito Sapulga, Julian Sanchez, Mauricio Apodaca, Frank Alderete, Robert Parson, and R. J. Owen, but as to the defendant, Jesus Nunez, be proceeded with and that the defendants, Melquervas Perea, Catrino Rivera, Felix Castillos, Patricio Rivera, Joaquin Ruiz, Alberto Chavez, Preciliano Apodaca, Bonifacio Sapulga, Victorio Espinosa, Jesus Rivera, Gregorio Rivera. Polito Sapulga, Julian Sanchez, Mauricio Apodaca, Frank Alderete, Robert Parson, and R. J. Owen, go hence without day, without prejudice to any cause of action which plaintiff may have against them or any of them, and that they and each of them have and recover of the plaintiff, John T. McElroy, their costs in this behalf expended, and that they have their executions, and that this cause stand for trial with the said John T. McElroy as plaintiff and Jesus Nunez as defendant."

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In this order, it will be observed that Ignacio Rodriguez is not specifically named.

On January 12, 1914, Nunez filed what he designates his trial amendment in answer to the trial amendment of plaintiff, and in this amendment he pleaded not guilty; also, the five and ten years' statute of limitation which he pleaded in bar of the suit. This answer concluded with this prayer:

"Defendant says, by reason of the aforesaid statute of limitation, the facts pleaded in connection with defendant's prayer invoking the same, that he is the owner in fee simple of the property described in plaintiff's petition, is the owner of the title thereto, the same is by law vested in him, and he prays on final hearing that he have judgment over against the plaintiff for the lands described in plaintiff's petition and for the title thereto, and that he have judgment quieting his title forever as against any claim of this plaintiff."

To this last amendment plaintiff filed a supplemental petition containing matter in no wise pertinent to the questions here considered. It concluded with prayer for recovery of the premises described in his last amended original petition and that Nunez take nothing by his cross-action.

Upon trial of the cause, the court entered judgment in favor of McElroy against Nunez for the title and possession of the five acres of land described in McElroy's last amended original petition. This judgment begins with this recital:

"Be it remembered that on the 8th day of January, 1914, at a regular term of this court, came on regularly to be heard the above styled and numbered cause, and the plaintiff having theretofore entered a dismissal of his cause of action herein against all of the defendants herein, except as against the defendant Jesus Nunez, thereupon came the parties, the plaintiff, John T. McElroy, by his attorneys, and the defendant, Jesus Nunez, by his attorneys, and announced ready for trial."

The foregoing statement of the pleadings embraces all that is material to a consideration of the questions involved.

So far as the disposition of parties defendant is concerned, it is plainly apparent that the order of January 8, 1914, completely eliminated all of the parties from the suit of the plaintiff except Ignacio Rodriguez.

In the amendment of the plaintiff filed on January 8, 1914, he expressly stated that he dismissed his suit as to all defendants except Nunez, and this amended petition complained of Nunez only. It occurs to us that this formal admission perhaps ipso facto operated as a discontinuance of the suit as to all defendants except Nunez, and that formal order of dismissal by the court was unnecessary. But be this as it may, the recitals in the order of dismissal and in the final decree in substance and effect show that all defendants except Nunez were dismissed from the plaintiff's suit, and the failure to specifically name Rodriguez was accidental or clerical error. The plain and necessary implication to be deduced from the recitals is that the suit of the plaintiff was discontinued as to all defendants except Nunez, and this is all that is necessary. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161.

This view disposes of the question as to the complete disposition of parties.

[4] Taking up the question of subject-matter, it is contended first that no disposition has been made of the large acreage for which the plaintiff originally sued. As to this, we think that the plaintiff's amendment of January 8, 1914, of itself eliminated all of the subject-matter so far as his suit was concerned except five acres, by reducing his claim to the five acres therein described and sued for.

[5] As to the cross-action of Nunez for said five acres contained in his last trial amendment, this by necessary implication was disposed of and adjudicated against him by the final judgment, whereby recovery of the five acres was had by the plaintiff against him. Trammell v. Rosen, supra; Davies v. Thomson, 92 Tex. 391, 49 S. W. 215; Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77.

[6-10] It is next contended that disposition was not made of the cross-action of the other defendants. It is, of course, true that a plaintiff by a dismissal of his suit cannot prejudice and does not affect a cross-action set up by the defendant. So, if a cross-action was pleaded by the codefendants of Nunez, the plaintiff's dismissal of his suit as to such defendants did not affect such cross-action, and disposition thereof is essential to the finality of the decree. So it is pertinent to inquire whether those defendants had pleaded a cross-action against the plaintiff. If there was such a cross-action pleaded, it is contained in the answer filed by all defendants on January 7, 1914, noted above. It is objected by appellee that this answer is insufficient to constitute a cross-action and affords no basis upon which to predicate a right to affirmative relief. In the absence of special exceptions, we think it sufficient. Facts are alleged, the legal effect of which was to vest title in such defendants by limitation, and they have an appropriate prayer for affirmative relief. It is true, affirmative relief cannot be granted under a plea of not guilty (Railway Co. v. Prather, 75 Tex. 55, 12 S. W. 969; Matthews v. Moses, 21 Tex. Civ. App. 494, 52 S. W. 113), but a plea of limitation is quite different from such a plea. A plea of not guilty does not necessarily imply that title is vested in the defendant; whereas, limitation does. The deduction necessarily drawn from the answer of the defendants was that they had title by limitation to the lands sued for by plaintiff. They aver a fee-simple title in them and by appropriate prayer asked judgment over against plaintiff for all the land between the old and present river. It may be that the answer does not contain some formal allegations appropriate to a cross-action in trespass to try title; but, as against a general demurrer, it is regarded as sufficient. Whether or not

there has been a disposition of this cross-action is a phase of the case which presents a question of no little difficulty. Undoubtedly, there has been no express disposition thereof. But under the cited cases, it is sufficient if it has been done by necessary implication. In the dismissal order of January 8, 1914, it is expressly ordered that the plaintiff's suit was dismissed as to them, that they go hence without day, recover their costs of plaintiff, "*and that this cause stand for trial with the said John T. McElroy as plaintiff, and Jesus Nunez as defendant.*" The quoted and italicized portion of this order clearly implies that all issues involved in the case were thereby eliminated except those existing between McElroy and Nunez. In its practical effect, therefore, it constituted a discontinuance or dismissal of the cross-action of the codefendants of Nunez and thereby disposes of it. Whether or not it was rightfully done is not the question here considered. We are considering only whether a disposition has been made of the issue. If so, the judgment is final, and the correctness of the action of the court with respect thereto relates to the merits of the appeal.

For the reasons indicated, we are of opinion that complete disposition has been made of all parties, issues, and subject-matter of the litigation. The motion therefore will be overruled.