FIRST STATE BANK & TRUST CO. OF ABILENE v. OVERSHINER, County Judge, et al. (No. 797.)

(Court of Civil Appeals of Texas. El Paso. Oct. 27, 1917. Rehearing Denied Nov. 21, 1917.)

1. APPEAL AND ERROR ☞1199—POWERS OF TRIAL COURT AFTER REMAND — VACATING JUDGMENT.

The trial court had power to set aside a void judgment, though it had been affirmed on appeal, where the questions raised as to the validity of the judgment were not passed upon on appeal, and in so doing would not transgress the judgment of affirmance or disregard the mandate of the Court of Civil Appeals.

2. APPEAL AND ERROR ☞1199—POWERS OF TRIAL COURT AFTER REMAND — VACATING JUDGMENT.

Where defendants moved to vacate a judgment and enjoin execution thereon and the abstract thereof, after the affirmance of the judgment, on the ground that it was void for reasons not passed upon on the appeal, and the trial court denied the motion, but temporarily suspended the judgment and stayed execution and abstract until the order denying the motion should become final by lapse of time or by affirmance, such suspension did not transgress the judgment or disregard the mandate on the former appeal.

Walthall, J., dissenting.

Original mandamus proceeding by the First State Bank & Trust Company of Abilene, Tex., against E. M. Overshiner, judge of the county court of Taylor county, Tex., and others. Mandamus refused.

D. M. Oldham and W. D. Girand, both of Abilene, for relator. Sayles & Sayles and Eugene De Bogory, all of Abilene, for respondents.

### Statement of Case.

HIGGINS, J. On January 1, 1916, in cause No. 3806, a judgment was rendered in the county court of Taylor county in favor of the First State Bank & Trust Company of Abilene, Tex., alleged to be a private corporation, against the defendants John Sayles, J. B. Knox, H. J. Bradshaw, and T. F. Scott, for the sum of $1,190.33, with interest and costs. From this judgment the defendants perfected an appeal to the Court of Civil Appeals for the Second Supreme Judicial District, in which district Taylor county is situate.

Thereafter the appeal was transferred to this, the Eighth Supreme Judicial District, such transfer being made in accordance with an order to that effect made by the Supreme Court of the state. Thereafter the cause was submitted in this court, and the judgment of the lower court affirmed. Motion for rehearing was filed and overruled. The mandate of this court was then issued and filed in the court below. Thereafter, on June 9, 1917, the defendants Sayles and Knox (and the sureties upon their appeal bond against whom judgment also had been rendered upon said affirmance) filed in the county court of Taylor county a motion in said cause, averring that the judgment and all proceedings therein were nullities, because of the following facts:

"Prior to the institution of this purported suit and continuously since, there was, has been, and is no entity or being, natural or artificial, in fact or in law, named in the proceedings and purported judgment in this purported cause as the plaintiff."

The motion concluded with this prayer:

"Wherefore the said Sayles and Knox, styled defendants in this purported cause and their said sureties on said purported supersedeas bond respectfully move and pray the court to vacate, set aside, and hold for naught said purported judgment and proceedings and dismiss and strike this purported cause from the docket of this court and adjudge all costs of this purported proceeding against the sureties on the cost bond of the purported plaintiff, and that pending final judgment on this motion the court order that no execution issue on said null and void purported judgment or under said null and void purported supersedeas bond and for general and equitable relief."

Upon the foregoing motion the court on June 11, 1917, entered this order:

"It is therefore ordered, adjudged, and decreed by the court that the issuance and levy of execution in this cause and the issuance and filing and recording of an abstract of the judgment heretofore rendered in this cause be and the same is hereby stayed until ten days after the date of this order unless hereafter ordered to the contrary."

On June 16, 1917, D. M. Oldham, Jr., an attorney of the Taylor county bar, as amicus curiæ, filed an instrument voluntarily informing the court with reference to the foregoing motion and order, and called the attention of the court to alleged errors of law into which it had fallen in considering or hearing said motion and in making the foregoing order. Thereafter, an amended motion was filed by Sayles, Knox, and said sureties, which reads:

"Under leave of the court this amended motion and petition for injunction is filed in lieu of the motion heretofore filed in this proceeding on June 9, 1917, to vacate the void judgment heretofore rendered in this proceeding.

"Now come John Sayles and J. B. Knox, styled defendants in the above entitled and numbered proceeding, and their sureties on the purported supersedeas bond heretofore filed in this proceeding, namely, Mac Sayles, Thos. Sayles, W. A. Curry, and A. H. Curry, hereinafter called applicants, all of whom reside in Taylor county, Tex., except applicant Mac Sayles, who resides in Reeves county, Tex., and complain of the void judgment heretofore rendered in this proceeding shown by the minutes of this court, and complain of D. M. Oldham, Jr., and W. D. Girand, who reside in Taylor county, Tex., and who are attorneys of record for the purported plaintiff, the First State Bank & Trust Company of Abilene, Tex., an extinct, dead, and fictitious person, and complain of the sureties on the cost bond filed herein of said extinct, dead, and fictitious plaintiff, whose names are unknown to applicants, but are shown by the records of this court, and who reside in Taylor county, Tex., and complain of J. D. Hilton, who resides in Taylor county, Tex., and as county clerk of Taylor county, Tex., and complain of J. T. Dodson, who resides in Taylor county, Tex., as sheriff of Taylor county, Tex., and complain of T. F. Scott and H. J. Bradshaw and J. C. Russell, who reside in Taylor county, Tex., all of whom are hereinafter called respondents, and respectfully show to the court:

"That prior to the institution in this court of this purported suit by the then extinct, dead, and fictitious plaintiff, the First State Bank & Trust Company of Abilene, Tex., on September 17, 1915, applicants John Sayles and J. B. Knox and respondents T. F. Scott and H. J. Bradshaw, executed two purported promissory notes (for which respondent Russell was liable to the same extent as a signer thereof) payable to the order of the Commercial National Bank of Abilene, Tex., and on which purported notes the court rendered the void judgment complained of.

"That some time prior to the filing of the purported plaintiff's petition and the institution of this sham and mock suit on September 17, 1915, there was a person existing by the name of the First State Bank & Trust Company of Abilene, Tex., a banking and trust company corporation under the laws of Texas (although such person at the time of the institution of this sham suit was extinct, dead, and fictitious), who acquired said purported notes, but said Commercial National Bank of Abilene, Tex., never indorsed same. Said First State Bank & Trust Company transferred or assigned said notes prior to its extinction or death.

"However, prior to the institution of this mock and sham suit, the fictitious plaintiff, the First State Bank & Trust Company of Abilene, Tex., was extinct and dead, and the respondent Oldham, who prepared and filed the purported plaintiff's petition in this mock suit as attorney of record, participated in the extinction and death of said person, the First State Bank & Trust Company of Abilene, Tex., and the said Oldham was during the trial and appeal of this mock suit, and is now, attorney of record for the fictitious, extinct, and dead plaintiff, and well knew that this purported suit and appeal thereof were a mock and a sham.

"That the First State Bank & Trust Company of Abilene, Tex., was incorporated as a banking and trust company under title 14 of the Revised Statutes of Texas, and was not dissolved under the provisions of title 25, c. 10, arts. 1205, 1206, et seq. of the Revised Statutes of Texas, and could not be dissolved under such provisions, in that such provisions do not relate to banking and trust companies organized under title 14 of the Revised Statutes of Texas, but such provisions relate to other and different corporations. That said First State Bank & Trust Company had no business to wind up or close at the time of its extinction and death. That at the time said First State Bank & Trust Company of Abilene, Tex., became extinct and dead, it was solvent and was not dissolved under the provisions of title 14, c. 3, art. 453 et seq. of the Revised Statutes of Texas. That the First State Bank & Trust Company could have been, but was not, dissolved under the provisions of title 14, c. 61, art. 561 et seq. of the Revised Statutes of Texas; but, on the other hand, it became extinct and dead and had no business to wind up.

"That by action of said Oldham and others, said First State Bank & Trust Company of Abilene, Tex., became extinct and dead prior to the filing of this sham suit, under the provisions of title 14, c. 5, art. 446 of the Revised Statutes of Texas.

"That prior to the filing of this sham suit, the First State Bank & Trust Company of Abilene, Tex., had no charter, had no existence, real or artificial, had no assets or liabilities, had no franchise, had no name, had no stock, stockholders, directors, officers, agents, business, or property, and was totally extinct and dead, and in all such matters the said Oldham who filed and prosecuted this sham suit and the appeal thereof for said extinct and dead person as attorney of record participated.

"That the said First State Bank & Trust Company of Abilene, Tex., is a person within the meaning of subdivision 2, art. 5504, of the Revised Statutes of Texas (171 S. W. 1021), and as such was extinct and dead at the institution of this sham suit.

"That R. S. art. 1827 requires 'the petition shall set forth clearly the names of the parties and their residences, if known,' but the said Oldham did not do so, and, on the other hand, he named a dead, extinct, and fictitious person as plaintiff. That said provision requires that the plaintiff be a real person, natural or artificial (41 S. W. 102); but no real person, natural or artificial, was named in said petition or in said void judgment as plaintiff.

"That if said extinct, dead, and fictitious plaintiff had existed at the time of the institution of this sham suit as a natural person, as a partnership, as an association unincorporated or as a corporation not duly incorporated, this sham suit might have been maintained, if the defendants therein were required to plead in abatement 'that the plaintiff alleged in the petition to be duly incorporated is not duly incorporated' (R. S. art. 1906, subd. 7), but at the institution of this sham suit and continuously since, the extinct, dead, and fictitious plaintiff was not incorporated at all, much less duly incorporated. That said provision of the state applies only when there is a real person, either natural or artificial as plaintiff, and does not apply in the absence of a real person, natural or artificial, and does not apply when an extinct, dead, and fictitious person is named as plaintiff (97 Am. Dec. 510; 23 S. W. 288), and that it did not, and does not, apply to this mock suit, and that said judgment is void.

"That said sham judgment is void a quo, and should be vacated and held for naught and enjoined by this court which rendered said void judgment and by no other court (23 Tex. 105; 9 Tex. 313; 58 Tex. 554; 29 S. W. 1063).

"That said Oldham and Girand have directed the said Hilton, as clerk of this court, to issue execution on said void judgment, against your applicants, and such execution is issued, and is now held by said Dodson as sheriff of Taylor county, Tex., and the said Oldham and Girand have directed the said Dodson as sheriff aforesaid to levy and otherwise execute said execution, and the said Dodson as sheriff aforesaid is about to do so.

"That if voluntary or forced payment of said void judgment should be made, no one would be authorized to receive or receipt for payment, in that the purported plaintiff is extinct, dead, and fictitious, and the real person, natural or artificial, who holds said purported notes would not be prevented from endeavoring to collect said purported notes.

"That if execution is issued and levied upon said void judgment on the real or personal property of the applicants, or either of them (applicants possessing in Taylor county, Tex., real and personal property subject to execution in excess of the amount of said void judgment), such execution will cast a cloud on applicants' title to said property, and your applicants will suffer irreparable injury; your applicants being

without an adequate remedy at law. That said void judgment now amounts to the sum of $1,190.33, with interest thereon from January 1, 1916, at 10 per cent. per annum and $50.25 costs of suit.

"That said Oldham and Girand have directed said Hilton, as clerk of this court and as county clerk of Taylor county, Tex., to issue, file, record, and index an abstract of said void judgment, and the said Hilton is about to do so. That your applicants possess many tracts of land in Taylor county, Tex., not their homesteads, and that the issuance, filing, recording and indexing of an abstract of said void judgment will cast a cloud upon applicants' title to said real estate which exceeds in value the amount of said void judgment, and your applicants will suffer irreparable injury and have no adequate remedy at law. That if said void judgment is abstracted, no one can release same.

"Your applicants show further that their original motion to vacate said void judgment was filed in this court on June 9, 1917, and entered on the motion docket of said court, and a copy thereof was delivered by mail to said D. M. Oldham, Jr., attorney of record for the purported plaintiff the First State Bank & Trust Company of Abilene, Tex., same having been mailed at Abilene, Tex., June 9, 1917, addressed to said Oldham at Abilene, Tex., where he resides. That on June 13, 1917, the clerk of this court issued notice of said original motion directed to the sheriff or any constable of Taylor county, Tex., directing the delivery of a copy of such notice to the First State Bank & Trust Company of Abilene, Tex., and that the sheriff of Taylor county, Tex., has returned said notice not executed for the reason that he could not find the First State Bank & Trust Company of Abilene, Tex. That the purported plaintiff, the First State Bank & Trust Company of Abilene, Tex., is apparently now without an attorney, in that the said D. M. Oldham, Jr., filed in this proceeding, on June 16, 1917, a paper signed by him as 'amicus curiæ,' wherein he says in part: 'Comes now D. M. Oldham, Jr., an attorney of this bar, legally authorized and practicing in and before this honorable county court, and files this instrument and suggestion to this court, as an amicus curiæ to the court, and in no way appearing for or on behalf of the plaintiff First State Bank & Trust Company, but appears solely as an attorney of this bar and volunteers the following information to this court, with reference to the above cause.' This motion and application is also a replication to said paper.

"Wherefore your applicants pray that due notice be given of this motion to vacate said judgment and petition or application for injunction, and that the issuance and levy of execution under said void judgment against your applicants, or either of them, and that the issuance, filing, recording, and indexing of an abstract of said void judgment be now temporarily enjoined, and that the respondents, and each of them, their agents, attorneys, and successors in office, be now temporarily enjoined from doing any act or thing relating to the issuance and levy of such an execution or the issuance, filing, recording, and indexing of such an abstract of judgment, and that this motion and petition be now set down by the court for final hearing, and that on final hearing said void judgment be vacated and held for naught, and said temporary injunction prayed for be made perpetual; that the court order and adjudge that the sureties on the cost bond of the extinct, dead, and fictitious plaintiff, the First State Bank & Trust Company of Abilene, Tex., and the respondents, jointly and severally, pay all costs of this sham suit as well as costs on motion to vacate said void judgment, and enjoining execution thereon and abstract thereof (applicants showing in this connection that applicant Sayles has diligently searched with the clerk of this court for said cost bond, but same

was not found and the names of said sureties cannot now be given); and applicants pray for such further and other relief, special and general, legal and equitable, that they may be justly entitled to."

On June 18, 1917, the amended motion and suggestions of the amicus curiæ were considered by the court and the following order entered:

"It is therefore ordered, adjudged, and decreed by the court that said motion of John Sayles, J. B. Knox, Mac Sayles, Thos. Sayles, W. A. Curry and A. H. Curry, applicants, be in all things overruled and refused, and that the temporary injunction prayed for be in all things refused, and that said motion to vacate and hold for naught the judgment heretofore rendered in this cause in favor of the First State Bank & Trust Company of Abilene, Tex., and petition to enjoin the execution and abstract thereof be in all things denied; but it is further ordered, adjudged, and decreed that this judgment, decree, and order be suspended until this order, judgment, and decree overruling, refusing and denying said motion and petition for injunction and temporary injunction become final by lapse of time or by affirmance on appeal, and until same becomes final execution and abstract of said judgment heretofore rendered in this cause in favor of the First State Bank & Trust Company of Abilene, Tex., shall be stayed. It is further ordered that said applicants pay all costs expended in behalf of said motion to vacate judgment and petition for injunction.

"To all of which the applicants then and there in open court excepted and gave notice of appeal to our Court of Civil Appeals for the Second Supreme Judicial District of Texas at Ft. Worth, Tarrant county, Tex."

Thereupon the First State Bank & Trust Company of Abilene, Tex., on June 22, 1917, filed in this court a petition for mandamus against Hon. E. M. Overshiner, judge of the county court of Taylor county, and Hon. J. D. Hilton, clerk of said county court, to require them to obey the mandate of this court issued upon the affirmance of said cause No. 3806.

The respondents have answered by a plea to the jurisdiction of this court, setting up that the county court of Taylor county has jurisdiction to determine whether the judgment entered in said cause No. 3806 is void, and that an appeal from its decision upon that question lies to the Court of Civil Appeals of the Second Supreme Judicial District, and not to this, the Eighth Supreme Judicial District.

## Opinion.

[1] It will be noted that the relief sought by Sayles et al., in the motion filed by them in the county court of Taylor county is based upon the contention that the judgment rendered January 1, 1916, in said cause No. 3806, is void. If that judgment be void, then that court has the authority to set it aside. Munson v. Newson, 9 Tex. 109; Dazey v. Pennington, 10 Tex. Civ. App. 326, 31 S. W. 312, Heath v. Layne, 62 Tex. 686; Milam County v. Robertson, 47 Tex. 222; Nunez v. McElroy, 184 S. W. 531; Chambers v. Hodges, 3 Tex. 517; Burke v. Mathews, 37 Tex. 73; Burr v. Lewis, 6 Tex. 76. The cited

cases hold that the trial court has the right to set aside a judgment of its own which is a nullity. It is also true, if that judgment was void, that the judgment of affirmance of this court would also be a nullity, and would impart no vitality to the judgment so affirmed. Chambers v. Hodges, 23 Tex. 104; Robinson v. State, 87 Tex. 562, 29 S. W. 649; Gille v. Emmons, 58 Kan. 118, 48 Pac. 569, 62 Am. St. Rep. 609; Land Co. v. Maddux, 109 Cal. 633, 42 Pac. 295, 50 Am. St. Rep. 67.

The question presented by Sayles et al. in their motion to set aside the judgment in cause No. 3806 was not raised upon the original appeal. Our opinion and judgment of affirmance in no wise passes upon or concludes the merits of that question. In that respect this petition for mandamus differs from Kendall v. Mather, 48 Tex. 585, cited by relator. If the question presented by the motion had been directly or by necessary implication adjudicated upon the appeal in cause No. 3806, then the judgment of affirmance of this court would have concluded that question, and the trial court would have had no authority to reopen the same. Any attempt so to do would have been in disregard of the judgment of this court, and could have been controlled by mandamus issued by this court. Kendall v. Mather would have been applicable. On the first appeal of Kendall v. Mather, supra, the judgment in question was in effect held to be valid, and upon the second appeal it was held that the trial court must abide by that holding. In Wells v. Littlefield, 62 Tex. 28, the court had reversed and remanded the case, with instructions. The trial court failed to obey the instructions, and it was held that mandamus would lie to compel the observance of the same. The inapplicability of that case to the question here presented is apparent.

[2] If it be the law that the trial court has the authority to set aside a judgment which is a nullity, notwithstanding it has been affirmed upon appeal, and the authorities first cited seem definitely to so hold, then it must follow that an order by the trial court setting aside such a judgment, is not in violation of the judgment of affirmance by the appellate court, and that a writ of mandamus will not lie from the appellate court to enforce its mandate. An exception to this conclusion would probably exist where the validity of the judgment had been passed upon by the appellate court and the judgment upheld as in Kendall v. Mather, supra. Since the question of the nullity of the judgment in cause No. 3806 was not presented upon the appeal in that case, the judgment of affirmance did not conclude the same. It is an open one, and the county court of Taylor county has authority to pass upon it, and in so doing it will not transgress the judgment of affirmance of this court, and will not be in disregard of the mandate of this court, and unless it does transgress our judgment and disregard our

mandate, the writ of mandamus will not lie. Now, if an order absolutely setting the judgment aside as null and void would not transgress the judgment of this court and be in disregard of its mandate, neither would an order temporarily suspending the judgment and staying execution thereon and abstract thereof (which is the order complained of by relator) transgress our judgment and be in disregard of our mandate.

In a suit to set aside a judgment asserted to be a nullity, it is almost always proper, in order to maintain the statu quo, that the plaintiffs in the judgment be temporarily enjoined from enforcing the same, until the validity of the judgment has been established. If the court below had temporarily enjoined the relators from enforcing the judgment in cause No. 3806 until the issue of its validity had been determined, this the majority hold would not be in disregard of our judgment of affirmance. The respondents asked for a temporary injunction, and this the court in terms refused, but in effect gave the same relief by suspending the judgment. In effect the order operates as a temporary injunction and we will regard its substance and effect rather than the form thereof.

We express no opinion upon the merits of the motion filed by respondents nor as to the correctness of the order entered, nor as to whether an appeal would lie from the order entered, but simply hold that such order does not transgress the judgment of affirmance of this court and is not in disregard of its mandate, for which reason the writ of mandamus should be refused.

WALTHALL, J., dissents from the views herein expressed, and is of the opinion that the writ should be granted.

. Mandamus refused.